CHESTER ROACH *vs.* HANS C. PETERSON.

November 2, 1891.

**Landlord and Tenant—Destruction of Building—Liability for Future Rent.**—To relieve himself from liability for future rent under Laws 1883, c. 100, the lessee must first surrender the leasehold premises.

**Same—Showing Required of Tenant.**—An answer by a tenant sued for rent, in order to show a defence under that act, must aver or show that the building was destroyed or injured without fault or neglect on his part.

Action brought in the municipal court of Minneapolis to recover $400, being rent for February and March, 1891, of a store building under a written lease.   The answer admitted the lease and entry thereunder and the non-payment of the rent sued for, and, as a counterclaim, alleged that the building was leased to and occupied by defendant as a grocery store; that on February 15, 1891, a fire occurred by which the building was so damaged by fire, water, and smoke as to be entirely unfit for occupancy and entirely unfit to use for defendant's retail grocery business, which he was then carrying on

there, and he was prevented from carrying it on and was compelled practically to abandon it; that plaintiff made no attempt to repair the building or put it in order till after suit brought; and that by reason of plaintiff's neglect the defendant has been damaged $1,000, and he asks judgment for $600. The answer does not allege that the fire occurred without fault or neglect on defendant's part, or that he has surrendered the premises. A demurrer to the answer was sustained, and the defendant appealed.

*Christensen & Tuttle,* for appellant.

*S. A. Reed* and *A. F. Sweetser,* for respondent.

GILFILLAN, C. J. Section 1, c. 100, Laws 1883, provides: "The lessees or occupants of any building which shall, without any fault or neglect on their part, be destroyed, or be so injured by the elements or any other cause as to be untenantable or unfit for occupancy, shall not be liable or bound to pay rent to the lessors or owners thereof, after such destruction or injury, unless otherwise expressly provided by written agreement or covenant; and the lessees or occupants may thereupon quit and surrender possession of the leasehold premises, and of the land so leased or occupied." It is not to be supposed that the statute intended the lessee should be absolved from his obligation to pay rent, and yet his leasehold interest in the premises continue; that he should enjoy whatever benefit the lease might be to him, and at the same time avoid its burdens. It does not provide that the destruction of or injury to the building shall, of itself, terminate the lease, nor can that be held the intention. The purpose was to relieve tenants from the inflexible rule of the common law, which often operated harshly by holding the tenant to the payment of rent, notwithstanding the building—perhaps the sole inducement to take the lease—had been destroyed, or rendered useless for the purpose intended. But in some cases the lease might, after the destruction of the building, be of great value to the lessee. He is fully relieved from any injustice in the common-law rule by giving him, in the event of a destruction of the building, or such injury as to render it unfit for use, the right to elect whether he will continue or terminate the lease. The words "may thereupon quit and surrender possession of the leasehold premises and of the land

so leased or occupied," must be read in connection with the words, "shall not be liable or bound to pay rent." In other words, he is to relieve himself from obligation to pay rent to accrue in the future by a surrender, terminating the lease. *Johnson* v. *Oppenheim*, 55 N. Y. 280.

The answer does not bring the defendant within the case provided for in the statute. It does not show a surrender, which must be by some affirmative act, indicating an election to terminate the lease, upon which the lessor may rely as such election. Nor does the answer show a right to surrender. Before he can claim a right to surrender, the defendant must show the case within the terms of the statute; that is, that the building was destroyed or injured without any fault or neglect on his part. The answer does not allege this.

Order affirmed.