STATE OF MINNESOTA *ex rel.* JACOB BARGE *vs.* DISTRICT COURT OF HENNEPIN COUNTY *et al.*

Argued May 9, 1893. Decided June 12, 1893.

**The Practice Prescribed in 1878 G. S. ch. 84, does not Apply to Actions in District Court.**

The provisions in 1878 G. S. ch. 84, as amended by Laws 1881, Ex. Sess., ch. 9, (the forcible entry and unlawful detainer act,) that in actions for recovery of real property held under a written lease after the expiration of the time specified in the lease, restitution of the premises shall be made notwithstanding an appeal, have no application to actions originally brought in the district court.

Original information and petition of Jacob Barge presented April 20, 1893, for a writ of *Mandamus* to the District Court of Hennepin County.

The relator, Jacob Barge, stated that on July 20, 1887, he leased

certain rooms in the two adjoining brick buildings, Nos. 47 and 49 Washington Avenue South, in Minneapolis, to Frederick Scheik, for five years from that date. Scheik agreed to pay $3,000 a year rent, payable $250 monthly in advance. He had, by the lease, the privilege also of another subsequent term of five years upon the same terms and conditions, except that the amount of the rent during the second term was to be determined by three disinterested persons, each party to select one, and they to select the third. On July 1, 1892, Scheik voluntarily surrendered the rooms in No. 47, but insisted on a renewal of the lease for the rooms in No. 49. Barge refused to thus renew, and on July 28, 1892, brought an action in the District Court to dispossess Scheik. The defendant answered, and the issues were tried. On March 21, 1893, findings were filed and judgment ordered for Barge. But on the same day Scheik obtained a stay of proceedings to enable him to make and settle a case and take an appeal. On April 1, 1893, Barge moved the District Court to vacate the stay and enter judgment and issue its writ to put him in immediate possession. He based his right to such action upon 1878 G. S. ch. 84, and Laws 1881, Ex. Sess., ch. 9. The District Court denied his motion, being of the opinion that the procedure prescribed by those statutes does not apply to actions brought originally in that court. He prayed this court to issue its writ commanding the District Court of Hennepin County, and the Judges thereof, forthwith to cause judgment to be entered in his favor upon said findings in accordance therewith, and issue its writ of restitution to dispossess Scheik, and put him in possession of the premises, without further ·stay or delay, on his filing bond as provided by 1878 G. S. ch. 84, § 12, as amended by Laws 1881, Ex. Sess., ch. 9, § 2. This court thereupon made an order that the District Court show cause why such writ of mandamus should not issue. The Judges of the District Court jointly made answer admitting the facts to be as stated in the relation, and showed cause that, in their opinion, the relator was not entitled to immediate judgment and possession, and that Scheik was entitled to have their decision reviewed, according to the practice on appeal in ejectment. They submitted in this court without argument or brief.

*Albert E. Clarke* and *Wilbur F. Booth,* for relator.

The District Court held, in effect, that while it had original jurisdiction of actions of forcible entry and detainer, it could not grant the summary relief which a Justice's Court could grant upon the same facts and under the same circumstances. The relator claims that he is now entitled to the immediate possession of his property, the detention of which has been adjudged to be wrongful, and that his possession cannot be delayed by an appeal to this court. The relator contends that if a suitor institutes his suit in a court of general jurisdiction, instead of a court of limited jurisdiction, it does not have the effect to deprive him of a remedy in the District Court which the court of a justice of the peace would be compelled to grant. The statute does not confer exclusive original jurisdiction of such cases upon courts of justices of the peace. General jurisdiction is conferred on the District Courts by the Constitution. It extends to every case where the Constitution itself does not clearly confer jurisdiction on some other court, including all causes which the Legislature may in its discretion authorize other courts to take cognizance of. *Agin* v. *Heyward,* 6 Minn. 110, (Gil. 53;) *State* v. *Kobe,* 26 Minn. 148.

This is an action of forcible entry and detainer. The action of forcible entry and detainer is nothing more nor less than an action of ejectment, in which a summary remedy is granted. The sole purpose of its creation was, and is, to afford a summary remedy at law. It is made by statute applicable to actions between landlord and tenant. The only statute applicable to a case of this kind, where the term has expired and consequently the possession of the tenant is wrongful, is the statute providing for the action of forcible entry and detainer, and that is exactly what this action is. *Steele* v. *Bond,* 28 Minn. 267; *Wright* v. *Gribble,* 26 Minn. 99; *Gray* v. *Hurley,* 28 Minn. 388.

*Grethen & McHugh,* for Frederick Scheik.

COLLINS, J. It must be conceded that the complaint in the action of Barge v. Scheik, which action, originally instituted in District Court, was in ejectment, and also to recover damages for the unlawful withholding of possession of the real property in question,

contained all of the allegations necessary to constitute a cause of action under the provisions of the forcible entry and unlawful detainer act, (1878 G. S. ch. 84, §§ 11–14, inclusive, as amended by Laws 1881, Ex. Sess., ch. 9,) and that the District Court, when ordering judgment for recovery of possession and for damages for withholding possession, found all of the facts required to entitle the plaintiff, Barge, to a writ of restitution had his action been brought and determined, as provided in said statute, in a court of a justice of the peace.

In case it had been so brought and determined, there could have been no stay of proceedings which would have delayed the issuance of a writ of restitution, nor would an appeal by defendant, Scheik, have had that effect. A writ of restitution could have been issued, and the complainant put in immediate possession of the premises. So that the question now before us is whether the course of procedure prescribed for the conduct of actions in justices' courts, and under that statute, the complainant being successful, can be followed, and the very summary remedy known as the "writ of restitution" awarded and issued where the action has been instituted in District Court in the nature of ejectment, all of the essential facts being present and found.

The theory upon which counsel for the relator urge his right to have granted the relief sought by this proceeding is that, as the District Courts of the state are courts of general jurisdiction, having original jurisdiction in all cases, except as otherwise provided by the constitution, such jurisdiction has not been exclusively conferred upon courts of justices of the peace in actions of forcible entry and of unlawful detainer; that the District Courts also have jurisdiction; and that, as all of the facts required to maintain an action under ch. 84, § 11, *supra*, were set forth in the complaint in Barge v. Scheik, and were found by the court, it was actually an action under that statute, in which Barge was entitled to every remedy provided therein.

The action of forcible entry as well as of unlawful detainer is a statutory proceeding, the practice and procedure being prescribed and regulated as for justices' courts. It is an expeditious and summary way of reaching persons who make forcible entry upon lands, or who, having entered peaceably, unlawfully hold over after their

right so to do has expired. Upon justices' courts, and upon some municipal courts by later legislation, jurisdiction over the subject-matter, and in this particular form of action, has been conferred, but there is nothing in chapter 84 indicating an intention to permit this form of proceeding in District Courts. In fact the various provisions of the statute relating to the procedure repel the idea of such an intent, and render it impossible to pursue the remedy in District Courts. Such courts have jurisdiction, and exercised it in Barge v. Schiek, to try and determine the same question, namely, a plaintiff's right to recover possession of demised premises, but, necessarily, in accordance with the practice and procedure in ordinary civil actions. That a court of inferior jurisdiction is empowered to proceed and to reach the same result in a more summary manner is no reason for asserting that a court of superior jurisdiction can use the same methods. Nor can it be said that by the provisions of chapter 84 jurisdiction in excess of that possessed by District Courts has been conferred upon courts of justices of the peace, for it is not a question of jurisdiction at all. It is simply one of practice and procedure. The landlord from whom a tenant withholds possession of the leased premises after his term has expired may proceed in ejectment in District Court, and, according to the course of practice in those courts, being there permitted to recover possession and also damages for the withholding, in the same action. Or he may pursue in a justice's court the more summary method provided in chapter 84, in which case he waives, for the time being, his right to recover damages for the wrongful detention. The choice of tribunals and remedies is open to him, precisely as it is in certain actions for the recovery of money, or in replevin, where the sum claimed or the value of the property in controversy does not exceed $100. If the plaintiff chooses, he may bring his action in justice's court, where the proceedings are simple, the trial speedy, and the entry of judgment cannot be stayed by mere order of the justice; or he may resort to the District Court, where the procedure is much more formal, the trial not so quickly reached, and where the court may, within a reasonable discretion, exercise its power, and stay the entry of judgment and other proceedings. We agree with the court below, and are of the opinion that the section in chapter 84, *supra*, as amended, providing that in actions for the

recovery of real property held under a written lease after the expiration of the term specified in the lease, restitution of the premises shall be made notwithstanding an appeal, does not apply to actions originally brought in District Court.

The order to show cause is discharged.

VANDERBURGH, J., absent, took no part herein.

(Opinion published 55 N. W. Rep. 630.)