JOSEPH W. HOSMER *vs.* MARY R. HOSMER.

Submitted on briefs April 14, 1893. Affirmed June 16, 1893.

**Finding of Fact Supported by the Evidence.**

A finding of fact that the charge of desertion made by plaintiff in his complaint for divorce was not established or proven on the trial *held* sustained by the record.

Appeal by plaintiff, Joseph W. Hosmer, from a judgment of the District Court of Waseca County, *Thos. S. Buckham,* J., denying him a divorce from the defendant, Mary R. Hosmer.

The appellant's third assignment of error was as follows:

"3rd. The court erred in not granting plaintiff a divorce."

*A. J. O'Grady,* for appellant.

*M. R. Everett* and *H. S. Gipson,* for respondent.

VANDERBURGH, J. The plaintiff sues for divorce on the ground of desertion. The divorce was refused by the court for the reason that the charge was not satisfactorily proven. The desertion is alleged to have occurred on September 15, 1887, and the court finds that since that date the parties have lived separate and apart continuously, owing to a trifling quarrel at that time, and that neither of them has ever attempted to make up such quarrel, or become reconciled to the other, or to resume marital relations, but they have

been mutually satisfied with existing relations, without making any serious charges of misconduct against each other. The appellant makes three assignments of error. The third is too general, leaving only the first two to be considered.

The first raises the question whether the findings of fact are justified by the issues made by the pleadings. The question of inconsistency in the defenses set up was not raised at the trial. The issue of desertion was fully and fairly tried on the merits, without objection, and this court would not now entertain the objection now made, even if it would have been available in the trial court. But there is really no inconsistency. The failure of the defendant to establish her defense or counterclaim is not necessarily an admission of the plaintiff's case. The court was entitled to consider all the material evidence bearing upon the issue of desertion raised by the plaintiff, and to decide that issue upon the merits as it did do.

The second assignment is that the conclusions of law are not justified by the evidence. It is sufficient that the conclusions of law are justified by the findings of fact. But the question argued by both parties, and probably actually intended to be raised, is whether the latter are supported by the evidence. The record of the testimony is manifestly not complete in details. It was made up by counsel from memory after the trial, and purports merely to contain the substance of the evidence.

The trial court was in much better position to pass upon the testimony elicited before it than this court can be upon this record. The defendant denies in her testimony, substantially, that she left plaintiff without his consent, and that she ever refused to live with him. On the contrary, she testifies that he told her to go; that she must not interfere in a certain matter; and that, if she could not refrain from doing so, she could leave.

The evidence in the case is conflicting, and the defense is not very clear or satisfactory, perhaps, but upon the record before us we do not feel justified in disturbing the decision of the trial court.

Order affirmed.

(Opinion published 55 N. W. Rep. 030.)