P. N. PETERSON v. EMIL KREUGER.[1]

February 15, 1897.

Nos. 10,370—(283).

**Forcible Entry and Detainer—Defense—Nonpayment of Rent.**

. That a landlord has violated a covenant in his lease to keep the demised premises in good repair, and that thereby damages have resulted to the tenant, is no defense in an action brought by the former, under the forcible entry and detainer act (G. S. 1894, § 6118), to have restitution of the premises for nonpayment of rent.

Appeal by plaintiff from an order of the municipal court of Stillwater, Jack, J., denying a motion for a new trial. Reversed.

*J. N. Searles*, for appellant.

The provisions of G. S. 1894, c. 66, relating to counterclaims that may be interposed in a civil action, have no reference to proceedings under the forcible entry and detainer act. Phillips v. Port Townsend, 8 Wash. 529, 36 Pac. 476; Ralph v. Lomer, 3 Wash. 401, 28 Pac. 760; Warburton v. Doble, 38 Cal. 619; Kelly v. Teague, 63 Cal. 68; McSloy v. Ryan, 27 Mich. 110; Abrams v. Watson, 59 Ala. 524; People v. Walton, 2 Thomp. & C. 533; Borden v. Sackett, 113 Mass. 214.

*J. N. Castle*, for respondent.

If a tenant is evicted from a part of the leased premises by the wrongful act of the landlord, he is discharged from the payment of rent. Christopher v. Austin, 11 N. Y. 216; Smith v. Stigleman, 58 Ill. 141; Tunis v. Grandy, 22 Grat. 109, 130; Royce v. Guggenheim, 106 Mass. 201. As to what constitutes an eviction, and when it is a defense, see Wright v. Lattin, 38 Ill. 293; Halligan v. Wade, 21 Ill.

[1] Reported in 70 N. W. 567.
    67 M.—29

470; Leadbeater v. Roth, 25 Ill. 587; Tyler v. Disbrow, 40 Mich. 415; Jackson v. Eddy, 12 Houck (Mo.) 209, 212; Alger v. Kennedy, 49 Vt. 109.

COLLINS, J.    Action by plaintiff, under the provisions of G. S. 1894, § 6118 (the forcible entry and detainer act), to have restitution of certain real property leased by him to defendant Kreuger for hotel purposes, upon the ground that the latter had neglected and refused to pay rent in accordance with the terms of the lease.    The only defense made by Kreuger was that he had been partially evicted by plaintiff, by reason of the latter's failure to repair the roof of the hotel building, whereby some of the rooms had become unfit for use, causing a loss of custom and patronage exceeding in amount the sum due as rent when the action was brought.    The plaintiff's counsel attempted, by timely objections, to exclude all testimony bearing upon this defense, but the trial court overruled the objections, and finally submitted for a determination by the jury the amount of damages sustained by defendant by reason of the partial eviction; the verdict being that the damages equaled the amount due as rent, and that defendant was not guilty of an unlawful detainer.    Even if it should be conceded that there was a breach on the part of the landlord (plaintiff) of a covenant to repair the roof, express or implied, the court erred in permitting defendant to introduce evidence to support his so-called defense or counterclaim, for in this form of action it was all irrelevant and inadmissible.    If fully proven, it constituted no defense to plaintiff's right of action.

A tenant against whom an action is brought under this statute is not permitted to counterclaim for damages arising from a breach of any covenant in the lease which is independent of the covenant to pay rent.    He cannot justify an unlawful detainer by alleging a violation of a covenant to repair prior to the commencement of the proceedings.    Van Every v. Ogg, 59 Cal. 563; Phillips v. Port Townsend Lodge, 8 Wash. 529, 36 Pac. 476, and cases cited; Borden v. Sackett, 113 Mass. 214; Finney v. Cist, 34 Mo. 303.    There is no difference of opinion upon this question.    All of the cases cited to the contrary by defendants' counsel simply bear upon the right of a tenant to counterclaim for damages in an action brought to recover rent.

The object of the statute is to provide an adequate and summary remedy for obtaining possession of leased premises withheld by tenants in violation of the covenants of their leases, and, as said in one of the cases we have cited, "this object would be entirely frustrated if tenants were permitted to interpose every defense usual or permissible in ordinary actions at law." [2]   That this is the only permissible view to be taken of the statute is made plain by an inquiry as to what would have been the form of the verdict (see forms prescribed, G. S. 1894, § 6127) if the jury had assessed the defendant's damages at any sum less than the amount admittedly due as rent when the action was instituted.   Would the finding have been "Guilty," or "Not guilty"?   What would have been the conclusion of the jury as to plaintiff's right to have restitution, under such circumstances?   Would restitution have been awarded, or would the finding have been that defendant could not be evicted?   These questions suggest what complications might arise if the ruling made by the court below should be upheld.

The order denying plaintiff's motion for a new trial is reversed.

[2] Phillips v. Port Townsend, 8 Wash. 533, 36 Pac. 478.
[1] Reported in 70 N. W. 572.