THOMAS H. CALEY v. J. N. ROGERS and Wife.

April 27, 1898.

Nos. 11,124—(115).

**Forcible Entry and Detainer—Tenant Holding after Rent Becomes Due—Right of Action—G. S. 1894, § 6118—Notice to Quit.**

Where a tenant holds over leased premises after rent becomes due according to the conditions of the lease, the right of action, under G. S. 1894, § 6118, is complete. Notice to vacate the leased premises is not necessary.

**Justice of the Peace—Adjournment for One Week—Jurisdiction.**

In such an action, and when the pleadings were closed, the justice of the peace adjourned the hearing one week, by consent of both parties. *Held*, that the justice did not lose jurisdiction of the cause by such adjournment.

Appeal by defendants from an order of the district court for Mille Lacs county, Baxter, J., denying a motion for a new trial. Affirmed.

*J. N. Rogers*, for appellants.

*Charles Keith*, for respondent.

COLLINS, J.

This was an action under the provisions of G. S. 1894, c. 84, § 6118, brought by a landlord against his tenants (husband and wife), who had failed to pay rent as it became due. From a judgment of restitution in justice's court, defendants appealed to the district court, upon questions of both law and fact; and the appeal here is from an order denying their motion for a new trial, made subsequent to the filing of findings of fact, upon which was based a conclusion of law directing that judgment be entered in plaintiff's favor. From the findings of fact, all of which are supported by the evidence, it appears that the defendants were tenants at will, at an agreed rental of $12 per month,—each month's rent being payable in advance,—and that they had been in default for nonpayment of rent about two months when this action was commenced.

1. There is nothing in the contention that the notice to vacate,

served upon the tenants, was insufficient. A notice to vacate was unnecessary. Section 6118, supra, expressly provides for the bringing of the action whenever a tenant holds over after rent becomes due according to the terms of the lease, and that in such cases, upon complaint made, a justice of the peace may proceed to hear, try, and determine the same in the manner provided by preceding sections of the same chapter. If the tenant holds over after the rent becomes due according to the terms of the lease, the right of action is complete. Nothing more, and no other thing, is required by the statute. Spooner v. French, 22 Minn. 37. G. S. 1894, § 5873, has no application to the facts in this action.

2. When the pleadings were closed, July 19, the hearing of the cause was, by agreement of the parties, adjourned for one week, or until July 26; and the point is made by counsel for defendants that by an adjournment for more than six days the justice lost jurisdiction, and that all proceedings thereafter had were void. There is no merit in this claim. By section 6114 of said chapter 84, discretionary power is conferred upon a justice to adjourn a hearing had under that chapter for a period of time not exceeding six days. This is a limitation upon his discretionary powers, except where causes are brought within the subsequent provisions of the same section. But there is nothing in this language, nor is there anything elsewhere in the chapter, which, by implication or otherwise, forbids an adjournment of the hearing by consent of parties. In West v. Berg, 66 Minn. 287, 290, 68 N. W. 1077, it was said:

"It is entirely competent for the parties in an action in justice's court to agree, subject to the approval of the court, when the pleadings shall be filed, and to what time cases shall be adjourned, without affecting the jurisdiction of the justice."

While that language was used in reference to an ordinary action in justice's court, it is equally as pertinent in an action brought under the provisions of chapter 84.

3. We are of the opinion that other questions raised by the assignments of error need no special consideration.

Order affirmed.