## ANTON C. WEISS and Another v. ZENITH REALTY COMPANY.[1]

June 4, 1915.

Nos. 19,203—(132).

**Lease — surrender of untenantable premises.**
1. Under a lease which provides that in case the building on the leased premises shall be so injured by the elements or any cause as to be untenantable or unfit for occupancy, the liability of the lessee for rent, and all right of possession, shall at once cease; if the tenant would avoid payment of rent because of the untenantable condition of the building, he must vacate and restore the premises to the lessor.

**Possession by subtenant.**
2. Possession of a lessee's subtenant is the possession of the lessee himself, and continued possession by subtenants in such a case subjects the lessee to the same liability as though he were in personal possession of the premises.

Action in the district court for St. Louis county to recover $1,350 as rent for the months of August, September and October, 1913. The case was tried before Fesler, J., and a jury which returned a verdict in favor of defendant. Plaintiff's motion for judgment notwithstanding the verdict was granted. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*Thomas J. McKeon* and *William B. Phelps,* for appellant.
*William* and *William P. Harrison,* for respondents.

HALLAM, J.

Plaintiffs owned property on Superior street in Duluth which was subject to two leases held by defendant. The leases were made by plaintiffs' grantors to one Levin. He assigned them to defendant. The premises were wholly occupied by subtenants. One subtenant

[1] Reported in 152 N. W. 869.

Note.—As to landlord's breach of covenant to repair or make improvements, as defense to an action for rent, see note in 34 L.R.A.(N.S.) 977.

operated a saloon; another a barber shop; another a cigar stand; another a candy store; and another a hotel. The structure was an old frame one, and on July 9, 1913, the state fire marshal ordered it torn down. Owners, tenants and subtenants were at first disposed to protest against this order, and on July 18 plaintiffs appealed to the district court. The appeal was later abandoned. On July 20 plaintiffs met with a representative of defendant, and plaintiffs offered to consent to the cancellation of the leases held by defendant if defendant would surrender the property. Defendant refused to do so, unless plaintiffs would pay it a bonus of $500. This the plaintiffs refused to do. On July 30, however, defendant notified plaintiffs in writing that the leases were terminated, the notice in case of each lease stating "the Zenith Realty Company hereby surrenders said lease to you to become effective on the 31st day of July, 1913, at 12 P. M." No further action was taken. So far as appears all of the subtenants save one were still in possession. Defendant did not remove any of them nor procure any release or surrender from any of them, nor did it attempt to do so. They all remained in possession until plaintiffs were obliged to eject them in proceedings in forcible entry and unlawful detainer, which proceedings were instituted in October, 1913, against defendant and its subtenants. Defendants paid no rent after July 31. This action is brought to recover rent for August, September and October, the period during which the premises were occupied by defendant's subtenants. The court instructed the jury that if the premises had become untenantable they should find for defendant. Under this instruction the jury found for defendant. The court then ordered judgment for plaintiffs notwithstanding the verdict and defendant appeals.

Defendant's sole defense is that the fact that the premises had become untenantable excused the payment of rent. The statute provides that "the lessee * * * of any building which, without fault or neglect on his part, is destroyed, or is so injured by the elements or any other cause as to be untenantable or unfit for occupancy, is not liable thereafter to pay rent to the lessor or owner thereof, unless otherwise expressly provided by written agreement; and the lessee or occupant may thereupon quit and surrender possession of such prem-

ises." G. S. 1913, § 6810. These leases each provided "that in case
the buildings on said demised premises shall, without any fault or
neglect on part of said lessee * * * be destroyed, or be so injured
by the elements or any cause as to be untenantable or unfit for
occupancy, then the liability of said lessee for the rent of said
premises thereafter, and all rights to possession thereof, shall at once
cease."

In cases arising under the statute it is well settled that when the
premises are rendered untenantable the lessee is put to his election
whether he will retain possession under the lease and pay rent or
surrender possession to the lessor. If he retain possession he must
pay rent under the lease. He can avoid payment of rent only by
surrender of possession. He cannot keep possession and keep his
money also. Roach v. Peterson, 47 Minn. 291, 50 N. W. 80.

It is contended that the terms of the lease rather than the terms
of the statute rule this case. This is doubtless true, if the lease
gives to defendant any rights that the statute does not. Butler v.
Kidder, 87 N. Y. 98; Vann v. Rouse, 94 N. Y. 401; New York
Real Est. & B. I. Co. v. Motley, 143 N. Y. 156, 38 N. E. 103.
It is further contended that the rights of the parties under the lease
are different from their rights under the statute; that the lease by
its terms is *ipso facto* cancelled and annulled the moment the prem-
ises becomes untenantable, and that no rights can thereafter be predi-
cated upon the lease; and that although the lessee continue in pos-
session he need pay no rent. We cannot agree with this contention.
It is true, the language of the lease is somewhat different from the
language of the statute. The closing language of the statute making
express reference to surrender by the lessee is not in the lease, and
we have not overlooked the fact that in Roach v. Peterson, 47 Minn.
291, 50 N. W. 80, the court attached some significance to this
language as pointing to the construction there given to the statute;
yet we think that under the terms of the lease a tenant who, as a
matter of choice, holds possession of premises after they become un-
tenantable is still in under the lease, and not as a trespasser. The
provisions for forfeiture in the event the premises become untenant-
able are for the benefit of the tenant and he may waive them. He

does waive these provisions as long as he continues in the enjoyment of possession of the premises. The lease makes concurrent the cessation of liability for rent and cessation of right to possession. If the lessor is to lose his rent he is entitled to have possession in order that he may prepare the premises for other use. If the tenant would avoid payment of rent he must vacate and restore the premises to his lessor. He is liable for rent as long as he elects to hold possession of the premises.

Clearly the defendant was in possession during August, September and part of October. It was the possession of its subtenants it is true, but the possession of defendant's subtenants was the possession of defendant, and the rights of the parties are the same as though defendant had been in personal possession of the premises. McAdam, Landlord & Tenant, (4th ed.) § 33; Bacon v. Brown, 9 Conn. 334; Brewer v. Knapp, 1 Pick. (Mass.) 332, 336; Dimock v. Van-Bergen, 94 Mass. 551; Carter v. Hammett, 18 Barb. (N. Y.) 608; Lubetkin v. Elias Brewing Co. 21 Abb. N. C. (N. Y.) 304, 4 N. Y. Supp. 195.

We have reached the foregoing conclusion, assuming, as defendant contends, that the cause of the untenantable condition of the premises is embraced within the term "any cause," as that term is used in the leases. Doubt may rest upon that proposition in view of the decision in Harris v. Corlies, Chapman & Drake, 40 Minn. 106, 41 N. W. 940, 2 L.R.A. 349, and Rosenstein v. Cohen, 96 Minn. 336, 104 N. W. 965. This doubt we do not undertake to resolve.

Judgment affirmed.