## ELIZABETH WARREN v. WILLIAM J. HODGES.[1]

July 6, 1917.

Nos. 20,377—(201).

**Unlawful detainer — failure of landlord to repair, not a defense.**

1. Breach of agreement by the landlord to repair is not a defense to unlawful detainer proceedings brought because of nonpayment of rent.

**Landlord and tenant — promise of landlord to repair.**

2. A contract to repair an appliance cannot be construed as an agreement to install a new one.

**Same — measure of damages.**

3. The measure of damages to a tenant for breach by a landlord of an agreement to repair is the diminished rental value of the building by reason of the failure to repair.

**Same — surrender of possession because untenantable.**

4. A tenant must surrender possession if he would avoid payment of rent by reason of untenantable character of the building.

Proceedings in the municipal court of Mankato to evict defendant from certain premises. The case was tried before Plymat, J., who made findings and dismissed the action. From an order denying her motion to amend the conclusions of law or for a new trial, plaintiff appealed. Reversed.

*Ivan Bowen* and *Leroy Bowen,* for appellant.
*Selover, Schultz & Selover,* for respondent.

[1]Reported in 163 N. W. 739.

Hallam, J.

Plaintiff owns a two story brick building in Mankato. By written lease, it was leased to defendant for 10 years, from December 10, 1907, at a monthly rental of $100 per month. Defendant failed to pay the rent for November, 1916, and plaintiff commenced proceedings for unlawful detainer to evict him for nonpayment. Defendant claimed that plaintiff agreed to fix or repair the boiler of a steam heating plant in the building; that she later refused to do so; that defendant had the old boiler removed and a new one installed in its place at an expense of $93.23, and this amount he deducted from his rent for November and remitted the balance of $6.77. He now asserts these matters as a defense. The court sustained the defense and ordered judgment for defendant. There are several reasons why this order cannot be sustained.

1. A tenant against whom an action is brought under the forcible entry and unlawful detainer statute because of nonpayment of rent is not permitted to assert as a defense damages arising from a breach of a covenant or agreement of the landlord to make repairs. The defendant cannot justify his detention by reason of the fact that he holds an offset arising out of transactions independent of the covenant to pay rent. The proceeding in forcible entry and unlawful detainer is summary. Such issues cannot be tried in it. Peterson v. Kreuger, 67 Minn. 449, 70 N. W. 567.

2. The claim is that plaintiff agreed to fix or repair the boiler. This language is so indefinite that it can hardly constitute an enforceable contract. Clearly it cannot be construed as an agreement to substitute a new boiler for the old one.

3. If a valid contract were made and broken by plaintiff, the cost of the improvement would not be the measure of damages. The measure of damages for breach by the landlord of an agreement to make repairs, is the difference between the rental value of the premises with the improvements and their rental value without the improvements. Long v. Gieriet, 57 Minn. 278, 59 N. W. 194.

4. Defendant could not prevail on any ground of untenantable character of the building. If he would avoid payment of rent on that ground, he must surrender up possession. Roach v. Peterson, 47 Minn. 291,

50 N. W. 80; Weiss v. Zenith Realty Co. 129 Minn. 486, 152 N. W. 869.

Order reversed.