## G. W. FROELICH v. AUSTIN C. LOWER.[1]

May 25, 1923.

No. 23,393.

**Action not barred.**

An action in unlawful detainer is not a bar to an action for unpaid rent. [Reporter.]

**Proper remedy when costs are taxed without notice.**

If costs are taxed without notice and inserted in a judgment, the proper remedy is to apply to have them retaxed, if incorrect, not to make application to vacate the judgment or to appeal from the judgment. [Reporter.]

Action in the municipal court of St. Paul to recover $97.66 for labor and services. The case was tried before Boerner, J., who made findings and ordered judgment in favor of defendant for $33.74. Plaintiff's motion for amended findings or for a new trial was denied. From the judgment entered pursuant to the order for judgment and from an order refusing to vacate the judgment, plaintiff appealed. Affirmed.

*G. W. Froelich*, pro se.

*C. R. St. John*, for respondent.

[1]Reported in 193 N. W. 949.

PER CURIAM.

This is an appeal by plaintiff from a judgment of the municipal court of the city of St. Paul and from an order refusing to vacate the judgment.

Plaintiff occupied a dwelling house belonging to defendant. He sued to recover $97.66 for services performed on and about the premises. Defendant put in issue the claim for services and interposed a counterclaim for two months rent amounting to $70. The court allowed plaintiff the sum of $36.26 on his claim for services, deducted this amount from the rent due defendant, and rendered judgment in favor of defendant for the sum of $33.74 and costs.

Plaintiff claims that an action in unlawful detainer had been brought against him by defendant and was pending when this action was brought, and operated to bar defendant from asserting a counterclaim for rent in this action. There is no merit in this point. While plaintiff, in his reply, alleged the pending of a former action, he made no attempt to prove that allegation. But, even if we were to take judicial notice that an action in unlawful detainer had been brought and was pending, that fact would not debar defendant from enforcing his counterclaim in the present action, for an action in unlawful detainer determines only the right to the present possession of the premises. State v. District Court of Hennepin County, 53 Minn. 483, 55 N. W. 630; Peterson v. Kreuger, 67 Minn. 449, 70 N. W. 567; Andrus v. Dyckman Hotel Co. 126 Minn. 406, 148 N. W. 565.

The plaintiff's contention that the costs were taxed and judgment entered while a stay of proceedings was in force is not borne out by the record. If the costs were taxed without notice, as he insists, his remedy was to apply to the trial court to have them retaxed, if incorrect as inserted in the judgment. Lindholm v. Itasca Lumber Co. 64 Minn. 46, 65 N. W. 931. The judgment and order of the trial court are both affirmed.