HARRY LEIFMAN AND OTHERS v. ABE PERCANSKY.[1]

July 1, 1932.

No. 29,042.

*Keller & Keller,* for appellant.
*Benjamin Segal* and *Maurice Sher,* for respondents.

[1]Reported in 243 N. W. 446.

OLSEN, J.

Defendant appeals from the judgment.

Plaintiffs brought suit in the municipal court in the city of Minneapolis under the forcible entry and unlawful detainer statute.

Defendant was in possession of the property under a written lease with plaintiff Leifman. The other plaintiffs have some interest in the lease or the rents. Defendant was in default in the payment of two months' rent, amounting to $600, and the action was brought to evict him for nonpayment of such rent under the terms of the lease. The trial court found for the plaintiffs and ordered restitution of the premises. Judgment was so entered, and this appeal followed.

The premises are described in the lease as "Second and Third Floors of 1106-1108-1110 Hennepin Avenue, Minneapolis, with entrance at 1106 Hennepin Avenue." There is but one building, and these numbers refer to three entrances on the ground floor on Hennepin avenue. The first floor of the building was apparently used for other business purposes. The second and third stories, leased by defendant, were used for hotel purposes and were called "Rosemount Hotel." The heating plant was in the basement under No. 1106, and defendant was required to heat the building.

The defense attempted to be proved, as alleged in the answer, was that the defendant had been partially evicted by the lessor. Briefly stated, the defendant offered to prove that after the lease was made and defendant had taken possession of the leased premises the lessor closed one of the ways leading from the first floor of the building into the basement; that this necessitated that defendant obtain permission from another tenant on the first floor to pass through his premises to the heating plant in the basement; that at the time defendant took possession under the lease there was, besides the entrance and stairway at No. 1106 mentioned in the lease, an outside stairway on one side of the building leading to the second floor and used in connection therewith; that the lessor removed this stairway, and the stairway at No. 1106 was not as serviceable as the one removed. There is also an indefinite allegation in the answer as to

the removal of a wall on the first floor, which removal defendant claims was of some detriment to him. The court excluded the evidence offered to prove these allegations of the answer. There is no claim or offer to prove that defendant had surrendered or offered to surrender or vacate the premises.

If under our statute a tenant may defend in an unlawful detainer action for nonpayment of rent because of a partial eviction, the claimed eviction must be such as materially and substantially to deprive the tenant of the beneficial enjoyment of the leased premises or a material part thereof, and must be a substantial interference with the beneficial use of the premises by the tenant. The rule does not apply to a deprivation of an inconsequential portion of the premises. Kelley v. Long, 18 Cal. App. 159, 122 P. 832. The wrongful act of the landlord must be sufficient to render the premises untenantable for the purposes for which the tenant leased them, or at least seriously to interfere with their permanent use. Dolph v. Barry, 165 Mo. App. 659, 148 S. W. 196. It must deprive the tenant of the beneficial enjoyment of the premises. McSorley v. Allen, 36 Pa. Sup. Ct. 271. There must be in effect an actual eviction. Fuller v. Ruby, 76 Mass. (10 Gray) 285. Unless the premises are rendered useless to the tenant or he has been deprived in whole or in part of the possession and enjoyment of the demised premises, no defense exists. Keating v. Springer, 146 Ill. 481, 34 N. E. 805, 22 L. R. A. 544, 37 A. S. R. 175. To constitute a partial eviction, the tenant must have been actually deprived of the use of a material portion of the premises. There can be no constructive eviction without the abandonment by the tenant of the leased premises. In such case the tenant remains liable for all rent which accrues during his occupancy. Lawrence v. Katcher (Mun. Ct.) 117 N. Y. S. 876.

In order to make a constructive eviction a defense, the tenant must surrender or abandon the premises. Seigel v. Neary, 38 Misc. 297, 77 N. Y. S. 854.

Our own cases lay down the rule that a statutory action to recover leased premises because of nonpayment of rent is a summary

proceeding, involving only the present right to the possession of the premises. Where the plaintiff shows defendant in possession under a lease, and failure to pay the stipulated rent, his cause of action under the statute is complete. Spooner v. French, 22 Minn. 37; Caley v. Rogers, 72 Minn. 100, 75 N. W. 114; First Minneapolis Tr. Co. v. Lancaster Corp. 185 Minn. 121, 240 N. W. 459. The defenses that can be interposed are strictly limited. In Peterson v. Kreuger, 67 Minn. 449, 70 N. W. 567, the defense was a partial eviction by reason of the failure of the landlord to repair the roof of a hotel building whereby some of the rooms became unfit for use, causing loss of custom and patronage exceeding in amount the rent unpaid. There was more of an eviction in that case than in our present case. The court held that if it was conceded that the landlord had breached a covenant in the lease to repair the roof it constituted no defense to plaintiff's action; that the object of the statute would be frustrated if tenants were permitted to interpose every defense usual or permissible in ordinary actions at law.

In Warren v. Hodges, 137 Minn. 389, 163 N. W. 739, it is held that in an action for unlawful detainer the tenant cannot prevail on the ground that the building demised has become untenantable without surrendering possession thereof.

In William Weisman Holding Co. v. Miller, 152 Minn. 330, 188 N. W. 732, the court holds that the remedy provided by the unlawful detainer statute is summary in its nature, and the defendant cannot interpose an equitable defense or any defense in the nature of a counterclaim.

The cases of Roach v. Peterson, 47 Minn. 291, 50 N. W. 80, and Weiss v. Zenith Realty Co. 129 Minn. 486, 152 N. W. 869, are actions for recovery of rent. They are not actions for unlawful detainer. They are of interest as showing that under G. S. 1923 (2 Mason, 1927) § 8190, and under a lease containing substantially the same provisions, the tenant cannot avoid the payment of rent of premises rendered untenantable unless he vacates or surrenders possession. The reasoning of the court in the first of these cases, stating why the tenant must elect to vacate, has some application.

The question of whether a partial eviction is a defense in an unlawful detainer action has not been directly passed upon by this court, unless the cases of Peterson v. Kreuger, 67 Minn. 449, 70 N. W. 567, and Warren v. Hodges, 137 Minn. 389, 163 N. W. 739, so do. We do not consider these cases as foreclosing the question. They do not cover all phases of the question, such as whether the partial eviction was actual or constructive, and whether it was material and substantial so as materially to deprive the tenant of the beneficial enjoyment of the demised premises. It is significant, however, that these two cases have not been overruled or distinguished, and that we find no case in this state where a partial eviction, not followed by an abandonment or surrender of the premises by the tenant, has been held a defense in an action for unlawful detainer for nonpayment of rent. The trend of our decisions is to the effect that a tenant who claims a partial eviction must elect to surrender the premises or to stay, and that if he elects to continue to occupy the premises he must pay the rent and may be evicted for nonpayment. But as the unlawful detainer action involves only the present right of possession of the premises, the judgment in such action does not deprive the tenant of any other rights or remedies that he may have.

Coming back to the facts in the case before us, we are of the opinion that the defense pleaded and offered to be proved was not such an eviction as entitled the defendant to any relief in this action. The lease demised to the defendant the second and third floors of the building and the entrance thereto at No. 1106 Hennepin avenue. It does not refer to or demise any other entrance or appurtenance. No part of these second and third floors nor of this entrance has been disturbed. There is no reference in the lease to the basement or basement entrances, and no claim that defendant has been prevented from access thereto. The little inconvenience suffered in using another entrance to the basement does not appear serious. We cannot see that defendant has any right to complain of the change or removal of a partition wall on the first floor of the building. To hold that in that situation the tenant can retain possession of the leased premises for some nine years, the balance

of the term of the lease, without payment of the rent, amounting in the aggregate to some $32,000, does not seem reasonable.

If there was a partial eviction here, it was in the nature of a constructive eviction; and the quite general rule seems to be that a constructive eviction is not a defense in this form of action unless the tenant by reason thereof has abandoned or surrendered the premises.

On the other hand, the partial eviction sought to be proved was of such limited character and extent as not to deprive the tenant of any material or substantial part of the demised premises, or seriously or materially to interfere with the beneficial use thereof. It was not sufficient to constitute an actual partial eviction.

Judgment affirmed.