[Crossthwaite *et al.* v. Caldwell *et al.*]

# Crossthwaite *et al.* Caldwell *et al.*

*Action of Assumpsit by Landlord for Rent.*

1. *Landlord and tenant; effect of dispossession of a part of the rented premises.*—When a landlord dispossesses his tenant of a part of the rented premises, but the tenant does not surrender or abandon the possession of the residue entirely, the rent is discharged only *pro tanto*, and the tenant is liable for the value of the use and occupation of the residue, of which he remains in undisturbed possession; and where the landlord of an office building stopped running the elevator and shut off the electric lights in the halls, contrary to the terms of the lease contract, a tenant, by remaining in the building thereafter, renders himself liable for the value of the use and occupation of the part of the building occupied by him in the changed condition of the building.

2. *Jurisdiction of courts; determined by amount claimed and not amount recovered.*—The amount claimed in a suit determines the jurisdiction of the court in which the action is brought; and where a plaintiff counts upon a *bona fide* claim for a debt of an amount sufficient to give the court jurisdiction, the fact that judgment is rendered for an amount less than the minimum limit of said court's jurisdiction is immaterial, and can not affect such judgment.

APPEAL from the City Court of Birmingham.

Tried before the Hon. W. W. WILKERSON.

The appellants, J. D. Crossthwaite and James A. Mitchell, rented a room on the second floor of a building known in the city of Birmingham as the Office Building, and owned by the appellees, H. M. Caldwell and P. L. Mynatt, for one year, from October 1st, 1891, to September 30, 1892. The contract price for the rent of the room was $15 per month.

About four months before the end of the term, the owners of the building stopped running the elevator in said building and shut off the lights; but the tenants did not thereupon abandon the use and occupancy of the room, but continued to occupy and use the whole of it to the end of the term for which it was rented; but they refused to pay rent for the time they occupied the room after the elevator was stopped and the lights shut off. Thereupon the owners of the building brought the pre-

[*Crossthwaite et al.* v. *Caldwell et al.*]

sent suit against their said tenants to recover $60, as the amount alleged to be due them for the rent of said room for four months.

The defendants pleaded the general issue, and, by special plea, that it was part of the agreement for the rental of said room that the plaintiffs should keep the elevator running in said building during the term of the lease and defendants should have the use thereof, and that the office and hall in front thereof should be lighted by the plaintiffs with three electric lights, but that the plaintiffs had not complied with their part of the contract of rental, and had stopped the elevator and shut off the electric lights about four months before the expiration of the term, had deprived the defendants of the use thereof for the remainder of the term, and that "the defendants were thereby evicted from a portion of said premises." The plaintiffs demurred to this special plea on the ground, that to be evicted from a portion of the rented premises is not an answer to the complaint, the plea failing to show that the defendants abandoned all of the premises. This demurrer was sustained, and the defendants duly excepted to such ruling.

On the trial of the cause, as is shown by the bill of exceptions, the evidence introduced tended to show the facts above set out as contained in defendants special plea ; and the court, hearing the cause without the intervention of a jury, rendered judgment in favor of plaintiffs for $44.55. The defendants appeal from this judgment, and assign as error the sustaining of plaintiffs' demurrer to defendants' special plea, and the rendition of judgment in favor of plaintiffs for $44.55.

JAMES A. MITCHELL, for appellant.—1. The act of the plaintiffs in wrongfully shutting down the elevator and in cutting off the lights in the office and hall, and depriving the defendants of the elevator and lights, was such an intentional interference with the possession of the defendants as amounted to an eviction. Anything of a grave and permanent character done by the landlord with the intention of depriving the tenant of the enjoyment of the demised premises is an eviction.—*Rice v. Dudley,* 65 Ala. 71 ; *Etheridge v. Osborn,* 12 Wend. 532 ; *West Side Sav. Bank v. Newton,* 57 How. Pr. (N. Y.) 152 ; 12 Amer. & Eng. Encyc. of Law, 758b.

[Crossthwaite *et al.* v. Caldwell *et al.*]

2. Whether these acts of themselves amounted to a complete eviction from the entire premises rented or not, they certainly amounted to a complete eviction from a *portion* of the said premises. And when the landlord wrongfully deprives the tenant of any part of the demised premises, the tenant is discharged from the payment of the whole rent, although he may continue to occupy the remaining part of the premises.

Taylor's Landlord and Tenant, Section 378; 7 Am. & Eng. Encyc. Law, 41; 12 Am. & Eng. Encyc. Law, 758; *Sherman v. Williams*, 113 Mass. 481; *Leishman v. White*, 1 Allen 489; *Christopher v. Austin*, 11 N. Y. 216 (Kernan); *Lawrence v. French*, 25 Wend. (N. Y.) 443; *Briggs v. Hall*, (Va.) 26 Am. Dec. 326; *Royce v. Guggenheim*, 106 Mass. 201, 8 Am. R. 322; *De Witt v. Pierson*, 112 Mass. 8, 17 Am. R. 58; *Fillebrown v. Hoar*, 124 Mass. 580; *Smith v. Wise*, 58 Ill. 141; *Hayner v. Smith*, 63 Ill. 430; *Colburn v. Morrill*, 117 Mass. 262; 1 Washburn Real Property, p. 564.

3. A recovery can not be had under a count for use and occupation where the tenant enters under a valid contract of demise for a certain time, except where no specific sum has been agreed on as rent, or where the tenant holds over after the expiration of his term.—Code, § 2715; *Lankford v. Green*, 52 Ala. 103.

WARD & JOHN, *contra.*—1. The rule is well established in Alabama that any interference by the landlord which deprived the tenant of the right of enjoyment of the room to the full extent secured to them under the lease, would authorize the tenants to abandon the premises and thereby exonerate themselves from the liability to pay rent imposed upon them by the contract. If they failed to abandon in a reasonable time, or did any act inconsistent with the right to abandon, they would thereby waive that right.—*Crommelin v. Thiess*, 31 Ala. 413; *Chamberlain v. Godfrey*, 50 Ala. 535; *Warren v. Wagner*, 75 Ala. 203; *Cook & Co. v. Anderson*, 85 Ala. 104.

2. The appellant relies on a line of authorities different from the above, but our court's repeated affirmation of the rule as shown above will not now be lightly departed from. Besides there are very respectable authorities outside of Alabama in line with this principle.— *Edgerton v. Page*, 20 N. Y. 281; *Willard v. Tillman*, 19

[Smith v. Smith.]

Wend. 358; 1 Taylor's Landlord and Tenant, §§ 377, 380, 381; 2 Wood's Landlord & Tenant, 1104, 5, 6, 1120-1.

McCLELLAN, J.—We esteem it to be the settled doctrine of this court, though opposed to the decisions of many other courts, that "when a landlord enters, and dispossesses the tenant of a part of the premises, a discharge of the entire rent will not result, unless it be shown that the tenant surrendered or abandoned the possession entirely," and that in such case, "the rent is discharged only *pro tanto* to the extent of the value of the use and occupation of the part of the premises of which the tenant is dispossessed, if he remain in undisturbed possession of the residue."—*Crommelin v. Thiess & Co.*, 31 Ala. 412; *Chamberlain v. Godfrey Admr.*, 50 Ala. 530; *Warren v. Wagner*, 75 Ala. 188; *Cook & Co. v. Anderson*, 85 Ala. 99. This doctrine is not inequitable, and we shall not disturb or depart from it.

Assuming that the facts of this case show the partial dispossession of the defendants, they continued to use and occupy the residue of the premises, and the city court properly held them liable for the rent *pro tanto*.

The plaintiffs counted on a *bona fide* claim for a debt of sixty dollars, an amount within the jurisdiction of the city court. This claim determined the jurisdiction, and the fact that on the pleadings and proof the court found an amount less than the minimum limit of jurisdiction is of no consequence.—12 Am. & Eng. Encyc. of Law, pp. 283, *et seq*.

Affirmed.