## Emma Jones et al., Appellees, v. Supreme Lodge Knights of Honor, Appellant.

1. RES JUDICATA—*when judgment of sister state not.* The voluntary dismissal before judgment by the plaintiff of an action instituted in another state, from whatever motive, is not a bar to another action in this state upon the same cause of action.

2. STATUTE OF LIMITATIONS—*when benefit certificate within ten-year provision.* Held, that the benefit certificate sued on in this case was not subject to the doctrine that where an agreement in writing is so indefinite that parol testimony is required to make it complete it will be construed as an oral contract subject to the Statute of Limitations.

3. FRATERNAL BENEFIT SOCIETY—*when administrator of deceased beneficiary need not be joined in an action upon certificate.* Upon the death of one of the beneficiaries named in an insurance certificate, the surviving beneficiary may bring an action on the certificate without joining the administrator of the deceased beneficiary.

4. FRATERNAL BENEFIT SOCIETY—*who may waive forfeiture for non-payment of assessment.* The condition of forfeiture and suspension upon failure to pay assessments and dues promptly may be waived by officers authorized to receive and forward the same.

Assumpsit. Appeal from the Circuit Court of St. Clair county; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the August term, 1907. Affirmed. Opinion filed March 18, 1908.

SCHAEFER, FARMER & KRUEGER and FREDERICK H. BACON, for appellant.

CULLOP & SHAW and KRAMER, KRAMER & CAMPBELL, for appellees.

MR. JUSTICE MYERS delivered the opinion of the court.

This is an action in *assumpsit,* brought in the Circuit Court of St. Clair county by appellees against appellant, to recover the amount alleged to be due upon a benefit certificate in the sum of $1,000, issued by appellant to Joseph L. Jones, December 20, 1888. Joseph

L. Jones died March 10, 1901. Belle Jones, the beneficiary named in the certificate and wife of Joseph L. Jones, died prior to March 10, 1901. He had no children and left surviving him as his only heir his father and mother, a sister, and three brothers. The father and mother died before the commencement of this suit, which is prosecuted by the sister and brothers, appellees herein. Appellant is a fraternal benefit society and its by-laws provide that if the beneficiary die before the insured, and the insured leaves neither widow nor children, the amount of the certificate shall be paid to his heirs. In bar of the action the defendant pleaded: first, the general issue; second, that the deceased was not a member of the order in good standing and a contributor to the widow and orphan's benefit fund, at the time of his death; third, that deceased in February, 1901, voluntarily severed his connection with the order; fourth, that the plaintiffs, together with the now deceased father and mother, instituted their action against defendant in the Circuit Court of Knox county, Indiana, on the same benefit certificate now sued on, that a trial was had and judgment rendered in favor of the plaintiff for the amount of the certificate, that the defendant appealed to the Appellate Court of Indiana, which reversed the judgment of the Circuit Court and remanded the cause for further proceedings consistent with the opinion, wherein it was decided and the conclusions of the court announced, that the evidence was not sufficient to support the verdict and judgment in the Circuit Court; that the plaintiff applied to the Supreme Court for a review of the judgment, which was refused; that a mandate and opinion of the Appellate Court was duly certified to the Circuit Court of Knox county and that the judgment therein was set aside, that the plaintiffs afterwards voluntarily dismissed their suit, and that under the Federal constitution and statutes the judgment of the Indiana Appellate Court is a bar to the present action; and, fifth, the Statutes of Limitations. The

defendant also filed an additional plea of former adjudication in substance the same as the fourth plea except that it concludes with the judgment and opinion of the Appellate Court, and contains no averment of the remanding order and proceedings in the Circuit Court subsequent thereto. The plaintiffs filed demurrer to the fourth plea, the additional plea, and the plea of the Statutes of Limitations, and the demurrer was sustained. The defendant excepted and elected to stand by the pleas. Further pleading culminated in a joinder of issues, which were submitted to a jury for determination. The jury returned a verdict for the plaintiffs for $998.25, the amount of the certificate less one assessment due and unpaid at the time of the death of the insured. A motion for a new trial was overruled and judgment on the verdict rendered from which the defendant appealed.

It is first contended by counsel for appellant, that the trial court erred in sustaining the demurrer to its pleas of former adjudication, and in support of this contention invokes the Federal constitution of the statutes, which require that "full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state." It is urged in argument that under the laws of Indiana and within the averments of the pleas, the rights of the parties in this case were fully determined and finally adjudicated by the Indiana Appellate Court. If that were the result and effect of the trial and proceedings under the law of Indiana and if it is made to so appear by the pleas, the demurrer should have been overruled. So that on this presentation we are to determine the result, the final outcome, the legal effect of what was done in Indiana. In giving full faith and credit to the proceedings we are held to the presumption that the courts, the Circuit no less than the Appellate, acted within and according to the laws of the state of Indiana. It appears from the averments in the fourth plea, that the Appellate Court *reversed* the

judgment of the Circuit Court and remanded the cause for further proceedings and that upon the filing of the remanding order and the Appellate Court opinion, the Circuit Court entered an order setting aside the judgment, and that afterwards the plaintiffs dismissed their suit. When the judgment was reversed and the cause remanded the rights of the parties had not been finally determined. The suit was pending in the Circuit Court upon the issues made by the pleadings. Whether the Circuit Court was so bound by the opinion of the Appellate Court that it could do nothing but enter a judgment for the defendant, that being the only proceeding consistent with the opinion, was determined so far as concerns Illinois courts, by what was done. The plaintiffs asked leave to dismiss their suit, and it was so ordered by the court in which the action was pending, the effect of which was to leave the parties in their rights and remedies as though no suit had been commenced. However annoying to the defendant, and though apparently contrary to the spirit of the Federal law, yet by giving full faith and credit to the record and judicial proceedings of the state of Indiana, we are bound to hold that the plaintiffs are not thereby barred in the present action. We are not concerned with the motive which prompted the dismissal of the suit in one jurisdiction and its commencement in another, nor may we challenge the action of the Circuit Court of Knox county in allowing the plaintiffs to withdraw from that court without prejudice to their rights and to again bring suit in another, and as may hereafter appear, a more favorable forum. If the Circuit Court of Knox county erred in dismissing the suit, as contended by counsel, the Circuit Court of St. Clair county could not so adjudge without transgressing the Federal law which requires the latter court to give full faith and credit to the record proceedings of the former. It is further to be observed that in all the decisions to which we have been referred, the rule

giving effect to an Appellate Court opinion limits it to the same case as it is pending in the inferior court or in the higher court on second appeal. To be effective under the rule the opinion must control in the final judgment of that particular case, which judgment, thereafter, may be pleaded in bar of a suit between the same parties upon the same cause of action. If, before final judgment, the suit is dismissed and again commenced in the same or another court, it would seem that the opinion could have no binding effect other than as authority to be considered by the court in determining and applying the law generally to the facts in controversy. Gardner v. Michigan Central R. R. Co., 150 U. S. 349. Courts of the United States no less than state courts are bound by the full faith and credit provision of the Federal statutes. Cooper v. Newell, 173 U. S. 555. It follows, therefore, that neither the fourth plea nor the additional plea contains matter of defense available in this action. The court did not err in sustaining the demurrer to the plea of the Statute of Limitations. The certificate in this case is clearly a contract in writing and not within the proposition that where an agreement in writing is so indefinite that parol testimony is required to make it complete, it will be treated as an oral contract subject to the Statute of Limitations. Nor do the authorities cited sustain such construction. We find in the certificate and by-laws a complete contract in writing, in which appellant agrees to pay, upon conditions expressed, the sum of $1,000 to the heirs of Joseph L. Jones, the insured.

The third point in appellant's argument is fully met by the opinion in Supreme Lodge v. Portingall, 167 Ill. 291, where it was held, that upon the death of one of the beneficiaries named in an insurance certificate the surviving beneficiary may bring an action on the certificate without joining the administrator of the deceased beneficiary.

It is further insisted by appellant, that the court

should have given the peremptory instruction to the jury to find for the defendant, not because of any dispute in the facts, for there is none, but for the reason that under the law, when applied to the facts, the plaintiffs failed to make out a case. In considering this contention it will be necessary to refer briefly to the evidence upon which the argument is based. It was proved that Joseph L. Jones first became a member of the order in a subordinate lodge at Mt. Carmel, Illinois, in December, 1888, that he afterwards transferred to a lodge at Vincennes, Indiana, that he moved to Knobel, Arkansas, where he died March 10, 1901; that his wife died before his death; that appellees are his heirs at law; that all the monthly assessments to February 1, 1901, were paid; that he was in good standing in the order up to the last day of February, 1901; that an assessment, $1.75, due and payable February 28, 1901, was not paid or tendered until March 18, eight days after the death of the insured; that during the entire period of membership the assessments against Jones were paid. Sometimes at the end of the month, when due, and sometimes several days after due and always accepted and credited by the subordinate lodge official whose duty it was to receive, credit and forward the assessment, and that the custom, usage and practice in receiving and crediting the assessments were such as to warrant a finding by the jury that prompt payment and the right of forfeiture was waived by the defendant, if the defendant may be held to such waiver by the acts and indulgence of its agent, the subordinate lodge and its official. It further appears in evidence that in January or February Jones proposed or requested the substitution of one Sellmeyer, a creditor, as beneficiary in the certificate, and was informed that this could not be done under the laws, as Sellmeyer was not a relative. Sellmeyer was notified that he could not be made a beneficiary and that the certificate had not been changed. The January assessment was paid by Sellmeyer

for Jones. On March 18, 1901, Sellmeyer wrote from Knobel, Ark., to Wagner, the reporter and secretary of the lodge, enclosing draft $1.75 for the February assessment against Jones. In reply Wagner wrote a letter and enclosed receipt for the amount, and also enclosed a letter from the secretary with a blank form for reinstatement, addressed to Joseph L. Jones, in the meantime retaining the draft received from Sellmeyer. Later on, learning that Jones died March 10th, Wagner returned to Sellmeyer the draft received from him, with letter of March 18th.

The constitution of the order provides that "a member failing to pay any assessment required by law, shall stand suspended and shall not thereafter be entitled to the benefit of the Widow and Orphans' Fund, until he has been duly reinstated in his subordinate lodge in accordance with the laws of the order." The question now to be decided is, whether or not there is evidence of appellant's liability. It is insisted by counsel that the failure to pay the February assessment before the last day of the month operated as a complete suspension of Jones' rights under the certificate, and that the financial reporter of the lodge had no authority to waive the positive requirements of the laws of the order. A strong argument and numerous authorities from other states are presented in support of this contention. But under the decisions of Illinois it seems to be settled (a) that in a fraternal benefit association the officers of a subordinate lodge are the agents of the Supreme Lodge, and (b) that the condition of forfeiture or suspension upon failure to pay assessments and dues promptly may be waived by the officers authorized to receive and forward the same. Grand Lodge A. O. U. W. v. Lachmann et al., 199 Ill. 140; Illinois Life Assn. v. Wells, 200 Ill. 445; Ind. Order of Foresters v. Schweitzer, 171 Ill. 325; Court of Honor v. Dinger, 221 Ill. 176; Conductors' Benefit Assn. v. Tucker, 157 Ill. 194. A different rule prevails in Indiana under which it was

held by the Appellate Court, upon substantially the same record as now under consideration, that the evidence would not support the verdict in this case. And so in a number of the states and in some of the Federal Courts it would probably be held that the failure to pay the assessment when due would effect a suspension of the member and bar the right or recovery, notwithstanding the acts of the subordinate officer, which is here held to constitute a waiver. Applying the law as we find it in this state to the evidence shown by this record, we conclude that it was not error to refuse the peremptory instruction. There was evidence to justify the jury in finding that appellant by frequent and repeated indulgence waived the necessity of prompt payment of assessments, and, in consequence, the default in payment of the February assessment, did not operate as a suspension of Jones' membership and the right of his heirs to recover on the certificate. We do not think it can be seriously contended that Jones withdrew from the order or in any way severed his connection therewith. At any rate that was a question submitted to the jury, and we are not inclined to regard their finding as against the evidence.

The appellant requested and the court gave the following instruction:

"The court instructs the jury that the only issues in this case are whether or not Joseph L. Jones in his lifetime elected to sever his connections with the defendant order and abandoned the same, or whether or not the defendant waived the prompt payment of the assessment of $1.75 payable by said Jones on or before the last day of February, 1901."

This instruction we think clearly and correctly presented the issues to be tried and as the undisputed evidence was sufficient to warrant a verdict for the plaintiff upon both issues, under our holding as to the law above indicated, the verdict was right and the judgment should be affirmed.

*Affirmed.*