Emma Saucerman, Appellee, v. The Court of Honor, Appellant.

Gen. No. 5,217.

1. FRATERNAL BENEFIT SOCIETIES—*status of officers of subordinate lodges.* The relation of subordinate lodges to the grand lodge of a fraternal benefit society is one of agency and the officers of such a subordinate lodge are the agents of the supreme lodge.

2. FRATERNAL BENEFIT SOCIETIES—*who may waive forfeitures.* An officer of a subordinate lodge is empowered, in the absence of by-law, to waive a forfeiture resulting from the failure of the member to pay a premium when due.

3. FRATERNAL BENEFIT SOCIETIES—*when forfeiture waived.* If an officer of a subordinate lodge by pre-arrangement with a member credits payment of a premium as made when due, though it was not actually paid, and afterwards accepts payment of such premium and

retains the money with knowledge of the fact of the member's prior death, a waiver of the forfeiture is effectuated.

Assumpsit. Appeal from the Circuit Court of Stephenson county; the Hon. R. S. FARRAND, Judge, presiding. Heard in this court at the April term, 1909. Affirmed. Opinion filed October 19, 1909.

R. R. TIFFANY, for appellant; WILLIAM B. RISSE, of counsel.

J. A. CRAIN, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

The Court of Honor, a beneficiary society, on November 8, 1899, issued to Dr. J. M. Saucerman, a certificate of insurance for $2,000 wherein his wife, Emma Saucerman, was named beneficiary. Dr. Saucerman died October 5, 1907, and upon the refusal of the society to pay the amount of the certificate, his wife brought suit in *assumpsit* to recover the same. The issue made by the pleadings was whether or not the failure of Dr. Saucerman to pay to the recorder of the local lodge, during the month of September, 1907, the assessment and dues for that month, forfeited the certificate. The jury found that issue for plaintiff and returned a verdict for $2,091.67. A motion for a new trial was denied, judgment was entered on the verdict and the society prosecutes this appeal.

Appellant contends that the court erred in the admission of incompetent evidence, and in ruling on the instructions and that the evidence does not support the verdict.

There was no substantial error in the admission of evidence and the instructions fairly stated the law bearing on the issue.

The constitution and by-laws of the society provided that the general fund dues and benefit assessments be paid to the recorder of the local lodge within the month they were due; if not, the member stood suspended. The evidence shows that Mrs. Kehler, the recorder of

the local lodge of which Dr. Saucerman was a member, had an arrangement with a number of members, including Saucerman, by which, if their assessments were not paid by the last day of the month, she credited them as paid, and afterwards collected them. Dr. Saucerman did not pay the assessment for September, 1907, and on the last day of the month she credited his September assessment as paid. On the day of Dr. Saucerman's death, Mrs. Kehler went to his house and said his "insurance was not paid," whereupon a neighbor advanced money to pay his September and October assessments. The money for his September assessment was received by appellant, October 11, 1907, with the recorder's report of the business of the previous month, which was audited and approved. Proof of Saucerman's death was received by appellant October 21, 1907. The money for Saucerman's October assessments was received by appellant November 15, 1907, with the recorder's report of the business of the previous month, which was audited and approved. Appellant retained the money and made no offer to repay the amount of the September and October assessments until after the trial.

There was no provision in the constitution or by-laws preventing the society from waiving a default on the part of any of its members, and the appellant was not bound to insist upon a forfeiture though incurred, but might waive it, as a party always has the option to waive a condition or stipulation made in his own favor. "Conduct on the part of the society which amounts to a recognition of a member's claim to the continuing rights of membership will relieve him from the consequences of his default." Railway Conductor's Benefit Assn. v. Tucker, 157 Ill. 194; Grand Lodge A. O. U. W. v. Lachmann, 199 Ill. 140. Moreover, it is well settled that the relation of subordinate lodges to the grand lodge in societies of this kind, is one of agency (Grand Lodge A. O. U. W. v. Lachmann, *supra;* Ind. Order of Foresters v. Schweitzer, 171 Ill. 325),

and that in a fraternal benefit association, the officers of a subordinate lodge are the agents of the Supreme Lodge (Court of Honor v. Dinger, 221 Ill. 176; Jones v. Supreme Lodge Knights of Honor, 140 Ill. App. 227), and that the conditions of forfeiture or suspension upon failure to pay assessments and dues promptly may be waived by the officers authorized to receive and forward the same.    Jones v. Supreme Lodge Knights of Honor, *supra;* Conductors Benefit Assn. v. Tucker, *supra;* Grand Lodge A. O. U. W. v. Lachmann, *supra;* Illinois Life Assn. v. Wells, 200 Ill. 445.   We therefore hold that when the recorder of the' subordinate lodge credited Dr. Saucerman's September 1907 assessment as paid, her act and her knowledge of the fact were in law imputed to, and became the act and knowledge of appellant; and that appellant with full knowledge of all the facts as to the death of Saucerman, and the time and manner of the payments, accepted the September and October assessments and retained the money.   This, in our opinion, clearly amounted to waiver of the forfeiture, if one had occurred.   Joliffe v. Madison Mutual Ins. Co., 39 Wis. 111; Erdmann v. The Mutual Ins. Co., 44 Wis. 376.

The undisputed evidence warranted a verdict for appellee, and the judgment is affirmed.

*Affirmed.*