## J. J. BOWDER v. W. H. GILLIS AND ANOTHER.[1]

January 28, 1916.

Nos. 19,580—(223).

**Assignment of lease — refusal of landlord to consent.**

1. In this action for damages against defendants, as lessors, for refusing to give written consent to the assignment of the lease by the lessee to plaintiff, the jury were justified in finding that plaintiff procured the assignment of the lease relying upon the assurance of the lessors that such transfer would be acceptable to them.

**Constructive eviction.**

2. Plaintiff obtained the key to the leased premises and took possession as assignee of the lessee. He then had considerable bulky property in the leased building. He has never surrendered the key to the lessors nor removed his property from the building, and is therefore not in position to sue for constructive eviction—there having been no active interference by the lessors with his possession. There cannot be constructive eviction without a complete abandonment of possession by the tenant.

Action in the district court for Waseca county to recover $3,310 for breach of agreement. The case was tried before Childress, J., and a jury which returned a verdict for $786. From an order denying their motion for judgment nothwithstanding the verdict or for a new trial, defendants appealed. Reversed.

*P. McGovern* and *Fred W. Senn,* for appellants.

*Moonan & Moonan,* for respondent.

HOLT, J.

The action is one for damages against lessors for refusing to fulfil an agreement to give their written consent to a lessee's assignment of a lease. Verdict for plaintiff, and defendants appeal from the order denying their motion in the alternative for judgment notwithstanding the verdict or a new trial.

[1] Reported in 156 N. W. 2.

The short facts are these: On April 4, 1914, defendants by written lease demised the first floor and the front half of the basement of a certain two-story brick building in Waseca, Minnesota, to L. M. Valentine for a period of three years with privilege of two additional years, the rent being $60 per month. In the lease the lessee covenanted not to assign the lease or underlet the rented premises or any part thereof, without first obtaining the written consent of the lessors. A moving picture show had been operated in the premises, at short intervals, prior to the lease, and it was contemplated that the same business was to be continued therein. Mr. Valentine spent a considerable sum in changing the street front of the premises, part of which the lessors paid, and in decorating the inside. He conducted a show therein for some 25 days, but in the early part of June closed up. He tried unsuccessfully to get from under the obligations of the lease. In the latter part of June he induced plaintiff to trade some land for the lease and outfit—chairs, film-machine, linoleum and wall mirrors. The claim of plaintiff is that, prior to making this trade, he consulted defendants who agreed that he might procure the lease from Valentine, and that, in reliance upon this assurance or agreement, he made the deal. After the lease was assigned, and on July 1, 1914, the defendants served a notice upon plaintiff calling his attention to their ownership and the Valentine lease, stating that they had been informed that plaintiff had taken possession, and notifying him that, unless he had entered as agent or employee of Valentine, his possession was unlawful and forbidden. A day or so prior to receiving this notice plaintiff came to Waseca to open up the show. Defendant W. H. Gillis went with him to get the key to the premises that Valentine had left with a former employee. Gillis also rendered some assistance in getting the needed help for plaintiff. But, when later in the day plaintiff requested the written consent of the lessors to the transfer of the lease, it was refused. The lessors also refused to receive rent from plaintiff, but appear to have been willing to receive it as coming from Valentine. Their idea seems to have been not to release, from the covenants of the lease, Valentine, whom they regarded as financially responsible. Notwithstanding the notice, plaintiff gave exhibitions for three or four days thereafter and then quit. Defendants did not interfere in any manner with plaintiff's possession or business save the giving of said notice, the refusal to accept rent from him, and,

late in the fall, when plaintiff was requested to remove his property and when the property was attached in a suit for rent. Plaintiff never surrendered the key and never removed his property, such as the 213 chairs, linoleum and film-machine from the premises.

We think the evidence justified the jury in concluding that, before the trade between plaintiff and Valentine was consummated, defendants indicated such assent thereto that plaintiff could rightfully rely thereon. It is probably true that the testimony does not show an express agreement to consent in writing to an assignment of the lease, but that was not necessary in order to give plaintiff the right to be regarded as assignee. The covenant was for the lessors' benefit and could be waived by them. The jury were justified in finding a waiver as to plaintiff of the lessors' written consent to the transfer. Aldrich v. Shoe Mart Co. 108 Minn. 15, 121 N. W. 422.

The doubtful question in the case is whether eviction has been proven. It is undisputed that plaintiff obtained the key to the premises and took possession. He then had considerable property in the building which he has suffered to remain ever since. There is evidence of an attachment several months after plaintiff took possession and that a padlock was placed on the door of the building, but no testimony to the effect that the padlock was placed there at the instance of the lessors. No doubt, proof of constructive eviction would have been sufficiently established, had plaintiff acted upon the notice of July 1, and vacated, removing his property. But he did not. By retaining the key and letting his property remain in the building plaintiff kept possession. In Boreel v. Lawton, 90 N. Y. 293, 43 Am. Rep. 170, the court says: "But we know of no case sustaining the doctrine that there can be a constructive eviction, without a surrender of the possession." "The propositions that there can be retention of demised premises, and an eviction, are logically and legally contradictory." Mortimer v. Brunner, 19 N. Y. Sup. Ct. (6 Bosw.) 653. In New State Brewing Assn. v. Miller, 43 Okla. 183, 141 Pac. 1175, it was held that the constructive eviction did not occur until the date upon which the tenant surrendered possession. 2 McAdam, Landlord & Tenant, p. 1385, states: "But where the eviction is constructive merely, it is no eviction in law unless followed by a complete abandonment of possession by the tenant." To the same effect are Cohen v. Conrad, 110 Minn. 207, 124

N. W. 992; Crossthwaite v. Caldwell, 106 Ala. 295, 18 South. 47; Leiferman v. Osten, 167 Ill. 93, 47 N. E. 203, 39 L.R.A. 156; Dennick v. Ekdahl, 102 Ill. App. 199; De Witt v. Pierson, 112 Mass. 8; International Trust Co. v. Schumann, 158 Mass. 287, 33 N. E. 509. Plaintiff, notwithstanding the notice, the refusal to consent in writing to the assignment of the lease, and the refusal to accept rent, gave exhibitions for three or four days, and no actual interference was then, or ever, made by defendants. There was neither eviction nor any such interference with plaintiff's possession or use of the premises that an action for damages can be maintained against defendants. Mere refusal to consent in writing to the assignment of the lease was not an interference with the beneficial use or enjoyment thereof. Plaintiff entered into possession as defendants' tenant, and became such by defendants' waiver, as the jury found, of the provision in the lease that no assignment could be made without their written consent. It cannot be claimed that written consent would have given plaintiff a better standing than he had through the waiver found by the jury. There is no suggestion in the testimony that defendants agreed to waive the covenant in the lease as to any assignment that plaintiff might desire to make.

This disposes of the appeal, and other errors assigned need not be considered. Judgment cannot be ordered notwithstanding the verdict, for the record does not show that a motion for a directed verdict was made at the close of the testimony. Sayer v. Harris Produce Co. 84 Minn. 216, 87 N. W. 617.

Order reversed and a new trial granted.