## JOHN SANTRIZOS v. PUBLIC DRUG COMPANY.[1]

### July 3, 1919.

### No. 21,356.

**Landlord and tenant — constructive eviction.**

1. When the beneficial enjoyment of leased premises is so interfered with by the lessor as fairly to justify an abandonment by the lessee, there is a constructive eviction. It does not suppose an actual ouster or dispossession by the lessor.

**Same — evidence.**

2. The plaintiff conducted an extensive fruit, confectionery, cigar and flower store. He sublet a space 10 by 49 feet to the defendant for use as a drug store. There was no separation of the portion leased. The defendant, claiming a constructive eviction, abandoned the premises and refused to pay rent. It claimed that there was a constructive eviction by the shutting off of the lights, by the obstruction of its space, by a weighing machine, by the refusal of the plaintiff to furnish it a key, by the interference with its business by mechanical and other music, and by petty gambling and disorder, all in the plaintiff's portion of the store. It is *held* that the evidence did not require a finding of facts constituting a constructive eviction.

Action in the district court for Hennepin county to recover rent of certain premises and to restrain defendant from removing wall cabinets or fixtures installed therein and attached to the building or connected with the remainder of the fixtures of plaintiff. The case was tried before Fish, J., who made findings that the lease between plaintiff and defendant was in full force and effect, and ordered judgment in favor of plaintiff for $4,200, with interest upon the several monthly instalments as they became due, together with $25 disbursed by plaintiff in placing the premises in a safe condition. Defendant's motion for amended and additional findings was denied. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*Selover, Schultz, & Selover,* for appellant.

*G. A. Will,* for respondent.

[1]Reported in 173 N. W. 563.

DIBELL, J.

Action to recover rent on a lease tried to the court without a jury. There were findings for the plaintiff and the defendant appeals from the order denying its motion for a new trial.

1. The plaintiff Santrizos is the lessee from the Hennepin Holding Company of the premises at 601 Hennepin avenue, Minneapolis. He conducts therein a fruit, confectionery, cigar and flower store, serves lunches, and in general the store has the usual accompaniments of such stores. He leased to the defendant drug company a space along the Sixth street side of the store 10 by 49 feet, of which 2½ feet along the length together with the adjoining 2½ feet of the plaintiff were to be used as a common aisle. The defense is that the drug company was constructively evicted by the acts of Santrizos in the conduct of his business. A constructive eviction occurs when the beneficial enjoyment of the premises by the lessee is so interfered with by the landlord as fairly to justify an abandonment. It does not suppose an actual ouster or dispossession by the lessor. 2 Tiffany, Landlord & Tenant, § 185; 2 Underhill, Landlord & Tenant, § 676; 16 R. C. L. p. 686, § 171, et seq.; 2 Words & Phrases (1st ser.) 1470; 1 Words & Phrases (2d ser.) 931.

Cases illustrating the application of the general rule to different situations are readily accessible. Notes 5 L.R.A.(N.S.) 855; 37 L.R.A.(N. S.) 1217; 7 Ann. Cas. 591, 593; 19 Ann. Cas. 688, 690; Ann. Cas. 1916B, 121, 123; 12 Dec. Dig. Landlord & Tenant, § 172 (2); 32 Cent. Dig. Id. § 696.

2. The definition of what constitutes constructive eviction does not get us far. Usually the question whether there is a constructive eviction is one of fact with each case largely dependent upon its particular circumstances.

The portion of the store rented to the defendant was not separated from that used by the plaintiff. They both did business in a common room with the defendant using the portion allotted to it and the plaintiff using the rest. The defendant had a chain of drug stores in the business portion of the city and this was one of them.

The defendant alleges many acts of the plaintiff which, all taken together, it claims justified it in abandoning the premises. It claims that

the plaintiff shut off the lights; that he put in a weighing machine which obstructed the premises; that he refused it a key; that there was interference from music and noise in the portion of the store occupied by the defendant, and that the plaintiff permitted gambling and disorder.

The evidentiary facts are much in dispute. The shutting off of the lights in any substantial way was denied by the plaintiff and the court found against the defendant. Some of the complaint was of a time when the use of heat and light was restricted as a war measure. It seems that the weighing machine intruded upon the space allotted to the defendant. There is evidence that it did and that it did not interfere materially with the defendant's business, and there is evidence each way as to whether complaint was made. It was an attraction commonly found in drug and confectionery and other stores desirous of attracting patronage. The court found that the refusal of a key did not result in harm of consequence. The store was open from seven in the morning until after twelve at night and only on a few occasions was the defendant caused inconvenience. There was mechanical and other music intended to invite and entertain patrons of the plaintiff. He catered to after-theater crowds and his patronage was more popular than exclusive. The evidence is not such as to require a finding that the defendant was appreciably injured by it. There is claim of disorder. The evidence is not such as to require a finding that it was substantial and the court found that it was not. There is evidence of some gambling. Patrons indulged at the cigar stand in shaking dice for cigars and in other forms of petty gambling which appeal to some people and which is intermittently interrupted by the authorities. It was such as to justify the holding company in revoking the plaintiff's lease, under the provision in it, but it made no objection. Zotalis v. Cannellos, 138 Minn. 179, 164 N. W. 807, L.R.A. 1918A, 1066. There was no provision in the lease from Santrizos to the drug company giving it a right of cancelation for such practice by its lessor.

The case was tried thoroughly and the evidence is voluminous. We have read it all. It supports the finding of the court that the acts of the plaintiff were not such as to justify the defendant in abandoning the premises.

We have examined the authorities cited by counsel for the defendant but a review of them here would not be useful.

Order affirmed.