# HELENE LOINING v. WALTER V. KILGORE AND ANOTHER.[1]

January 5, 1951.

No. 35,307.

*Leslie S. High,* for appellant.
*Jenswold, Butchart & Dahle,* for respondents.

MAGNEY, JUSTICE.

Plaintiff appeals from an order denying her motion for a new trial.

Plaintiff, Helene Loining, was a tenant of defendants, Walter V. Kilgore and his wife, in an apartment in Duluth under a written lease which expired December 31, 1949. Defendants wanted possession of the apartment at the expiration of the lease and served the required notice. On December 21 plaintiff moved out, but retained the key. On the day she moved out, plaintiff advised defendants that all mail for her addressed to the apartment should continue to be delivered at that address and held there. Mrs. Kilgore said, "We will see," and stated that she would talk to her husband about

---

[1]Reported in 45 N. W. (2d) 554.

it. Plaintiff left no forwarding address. The following day a package arrived. Defendants struck out the address, wrote "not here" on the wrapper, and hung it under the one mailbox of the building for the carrier to pick up. One of plaintiff's children found it there and took it home. Other mail was treated the same way. The postal service marked the mail "Removed—No present address." No mail, however, was lost, as that not called for at the residence was called for at the post office and received. On December 27 plaintiff cleaned up the apartment. The keys were delivered to the landlords on the 28th or the 29th.

Plaintiff claims that the acts of defendants constitute wrongful eviction, and seeks damages therefor. She also claims that the acts were wilful and malicious, entitling her to punitive damages. Defendants counterclaimed for certain items of damage to the apartment, claiming a violation of a provision of the lease to the effect that plaintiff would "deliver up the said premises * * *, in as good order and condition and state of repair, reasonable use and wearing thereof and inevitable accidents excepted, as the same now are or may be put into by said Lessor." The jury returned a general verdict for defendants.

■ The court instructed the jury that the plaintiff had a right to have the mail delivered at the premises and that defendants violated that right, and "because of that violation, she would be entitled to such damages as you find she suffered, *at least, nominal damages.*" (Italics supplied.) Plaintiff assigns as error the above-italicized portion of the charge. This instruction was in effect a directed verdict for plaintiff on this feature of the case. Later on, the court instructed the jury on the matter of damages, both actual and punitive. As we view it, the instruction was not prejudicial, but favorable to plaintiff.

■ The only other assignment of error concerns the court's instruction to the jury that under the facts there was no eviction. Plaintiff bases her claim of unlawful eviction solely on defendants' acts relative to the mail delivered to the apartment. It is undis-

puted that plaintiff kept the keys until December 28 or 29. She testified: "My lease did not expire until December 31st, and I had full use and possession of the apartment there up until that time." Under such facts, there was no eviction, and the court was right in so telling the jury.

Plaintiff bases her contention chiefly on Santrizos v. Public Drug Co. 143 Minn. 222, 223, 173 N. W. 563, 564, where we said:

"* * * A constructive eviction occurs when the beneficial enjoyment of the premises by the lessee is so interfered with by the landlord as fairly to justify an abandonment."

The facts in the instant case do not disclose such an interference. There can be no constructive eviction without a surrender of possession.

"* * * 'The propositions that there can be retention of demised premises, and an eviction, are logically and legally contradictory.' " Bowder v. Gillis, 132 Minn. 189, 191, 156 N. W. 2, 3. See, also, Donaldson v. Mona Motor Oil Co. 193 Minn. 283, 258 N. W. 504; Santrizos v. Public Drug Co. 143 Minn. 222, 173 N. W. 563.

Since we find no error in the challenged instructions, there must be an affirmance.

Order affirmed.