## GEO. J. FLINT vs. EDWARD SWEENEY et al.

Submitted on briefs April 20, 1892. Decided May 16, 1892.

**Landlord and Tenant—Relation Continues When.**—One of the defendants occupied leasehold premises, under a lease from month to month, which, it is claimed, had become unfit for occupancy, for want of repairs which the landlord refused to make. *Held* that, by continuing to occupy the same after the end of the current month, the condition of the premises in the mean time remaining unchanged, the defendant elected to remain for another month under the lease, and was liable for that month's rent.

Appeal by plaintiff, George J. Flint, from a judgment of the Municipal Court of the City of St. Paul, *Twohy*, J., entered November 19, 1891.

On October 3, 1890, plaintiff rented to defendant Ellen Sweeney a house and lot in St. Paul for one month, and from month to month thereafter, for $50 per month. She and her husband, Edward Sweeney, entered, and she kept a boarding house, and remained in possession until July 7, 1891, and then removed. She paid the rent to July 3d, but refused to pay more, claiming the roof leaked so that the house was untenantable. Plaintiff began this suit in August, 1891, against Mrs. Sweeney and her husband, to recover of them another month's rent, to August 3d. The Municipal Court gave judgment dismissing the action as to the husband, and for five days' rent ($8.33) against the wife. Plaintiff appealed.

. *O. H. O'Neill*, for appellant.

*S. P. Crosby,* for respondent.

The Municipal Court correctly decided that the wife was not liable for rent after July 7, 1891, as the house was unfit for occupancy. Laws 1883, ch. 100.

VANDERBURGH, J.    The evidence shows that the defendant Ellen Sweeney entered into possession of the premises in question, being a house and lot in the city of St. Paul, as a tenant from month to month of plaintiff, on the 3d day of October, 1890.    She remained in possession and paid the rent agreed on between them to July 3d. She thereafter continued in possession until July 7, 1891, when she moved out, without the knowledge or consent of the plaintiff.    In respect to the abandonment of the premises by her as tenant before the expiration of the current month the court finds that she was justified in so doing, on the ground that while she occupied the same, and especially during the last month, up to July 3d, "the premises became so impaired by the elements as to be untenantable and unfit for occupancy, without any fault or neglect on her part."

The evidence showed that the roof of the house leaked badly over several rooms during rainstorms, causing defendant inconvenience and discomfort, and that the plaintiff had refused to make repairs, but it does not appear that the condition of the premises had materially changed for several months, or that she suffered any damage or inconvenience therefrom after July 1st.    She understood perfectly well that she might remove at the expiration of the month; and she testifies that on the 1st of June, when she paid her rent for that month, she notified plaintiff that she would remove unless the house was repaired, and he refused to make repairs.    If she intended to remove, she should have done so at the end of the month for which she paid.    Not having done so, but having entered upon another month's occupancy, she must be deemed to have made her election to become a tenant for another month, and the plaintiff had a right to treat her as such.    *Roach* v. *Peterson,* 47 Minn. 291, (50 N. W. Rep. 80.) She must therefore be held liable for that month's rent.    This is all the question there is in the case, for our consideration, under the

findings.    The action was properly dismissed as to the defendant Edward Sweeney.

Judgment reversed, and new trial ordered, as to the defendant Ellen Sweeney, and judgment affirmed as to the defendant Edward Sweeney.

(Opinion published 52 N. W. Rep. 136.)