MARTHA D. BASS v. ERNEST B. W. ROLLINS.[1]

December 16, 1895.

Nos. 9756—(197).

**Lease—Failure to Heat Premises.**

> A monthly lease, with rent payable on the first secular day of each month, provided that the lessor should furnish proper and sufficient heat for the demised premises, but he failed to do so, at times, from December to February 6, when, by reason of such failure, the premises became untenantable, and the lessee vacated them. *Held*, that he was not liable for rent of the premises after he vacated them. Flint v. Sweeney, 49 Minn. 509, distinguished.

Appeal by plaintiff from a judgment of the municipal court of St. Paul, in favor of defendant, entered in pursuance of the findings and order of Orr, J.   Affirmed.

*Bigelow & Taylor*, for appellant.

*George C. Lambert*, for respondent.

START, C. J.   Action to recover $50 for two months' rent.   Trial by the court without a jury, and judgment for the defendant, from which the plaintiff appealed.

The here material facts, as found by the court, are that on November 1, 1894, the plaintiff leased to the defendant a certain apartment for a monthly rental of $25, payable in advance on the first secular day of each month; that it was a part of the agreement of such leasing that the plaintiff should furnish to the defendant proper and sufficient heat while he was occupying the demised premises; that at times during the month of December, 1894, and up to February 6, 1895, the plaintiff failed to provide such heat, although repeatedly notified by the defendant so to do, but kept the premises, during such times, at such a low temperature as to render the same unfit for occupancy; and that, by reason of such failure, the defendant was compelled to and did vacate the premises on February 6, 1895.   The defendant paid all rent except for the month of February.

We concede, for the purposes of this case, without so deciding, that the agreement to furnish to the defendant sufficient heat was not a condition precedent to the payment of rent, but the trial court has

[1] Reported in 65 N. W. 348.

not found that the defendant, by remaining in possession of the premises after February 1, elected to keep them for that month. Nor can such fact be inferred from the facts found by the court. In this respect the case differs from Flint v. Sweeney, 49 Minn. 509, 52 N. W. 136, which was a case where the condition of the demised premises had not materially changed for several months, and it was held that the lessee, by continuing the occupancy of the premises after the end of the current month, elected to remain for another month, and was liable for that month's rent. In the case at bar it was only at times that the lessor failed to furnish a proper amount of heat. It was a mere neglect of duty, which the lessor might have corrected at any time, and the lessee did not, as a matter of law, elect to keep the premises for the month of February if the lessor did not keep them warmed, and he had a right to vacate them upon the lessor's failure to do so.

The court found that on February 6 the defendant was compelled to and did vacate the premises, for the reason that they were unfit for occupancy by reason of the plaintiff's failure to keep them warm. This amounted to an eviction by the plaintiff, and he is not entitled to recover for rent accruing after such eviction. It is not an answer to this proposition to say that $25 was due for rent six days before the eviction, for if, on February 1, the premises were properly heated, and the defendant paid the month's rent on that day, but on the next day the plaintiff, having received the rent, had shut off the heat, and thereby forced the defendant to vacate February 6, and he had thereupon brought an action for damage, would he not have been entitled to recover at least $20 for the rent, which he had paid in advance for the four-fifths of a month that he did not occupy the premises? But the $25 was not paid. Then why should the plaintiff recover in this action that which, if the defendant had paid on the due day, he could recover back from the plaintiff?

It may be suggested that this line of reasoning would lead to the conclusion that the plaintiff was entitled to recover for one-fifth of a month's rent, $5. This point is not raised by the plaintiff. Her claim is that she was entitled to at least a full month's rent. If her claim was only for $5, the maxim "de minimis" would be applicable, in this court, to it.

Judgment affirmed.