HENRY DAMKROGER v. VICTOR PEARSON.

October 31, 1898.

Nos. 11,271—(145).

Tenant Retaining Possession notwithstanding Defects—Election—
Premises Untenantable.

The fact that a tenant remains in possession of the demised premises
notwithstanding certain defects, which affect the health and comfort of
himself and family, does not amount to an election to continue a tenant
notwithstanding subsequent and increased defects, which render the
premises untenantable and unfit for occupancy.

Appeal by defendant from a judgment of the municipal court of
St. Paul for $13.96 in favor of plaintiff, entered upon the pleadings
pursuant to the order of Orr, J. Reversed.

*Geo. C. Lambert,* for appellant.

Where the demised premises become untenantable through a
cause within the exclusive control of the landlord, the latter's re-
fusal to remove said cause, upon reasonable notice, will amount to
constructive eviction. City Power Co. v. Fergus Falls Water Co.,
55 Minn. 172; Bass v. Rollins, 63 Minn. 226; Royce v. Guggenheim,
106 Mass. 201; Alger v. Kennedy, 49 Vt. 109; 2 Platt, Leases, 313.

*S. P. Crosby,* for respondent.

When the premises are untenantable, the lessee is put to his elec-
tion whether he will retain possession under his lease, or surrender
it to the lessor. He must exercise this election promptly, within a
reasonable time; and when once made his election is final, irrevo-
cable. He cannot elect to retain possession, and be allowed sub-
sequently to change his mind. Roach v. Peterson, 47 Minn. 291;
Flint v. Sweeney, 49 Minn. 509. See also Wampler v. Weinmann,
56 Minn. 1.

MITCHELL. J.

Appeal from a judgment on the pleadings in favor of the plaintiff.
The plaintiff's complaint is not in the most approved form, but, re-
solving all questions as to its sufficiency in favor of the plaintiff,

the facts are that defendant was a tenant at will from month to month of the lower story of a two-story building belonging to the plaintiff; the month, under the tenancy, commencing, and the rent being payable, on the tenth of each calendar month. This was an action to recover rent for the month commencing November 10, 1897.

The allegations of the answer are to the effect that the plaintiff owned and controlled the second story of the building, and maintained and operated therein a system of water and waste pipes; that for more than six months prior to November 10, 1897, the plaintiff at various times permitted water and waste to leak from these pipes, and filter through the ceiling of defendant's premises, dampening the atmosphere therein, and rendering the same dangerous to the health and comfort of the defendant and his family; that the defendant frequently notified the plaintiff of the facts, and requested him to repair the pipes and stop the leakage, but that he failed and neglected to do so. The answer further alleges that on November 11, 1897, the plaintiff permitted the pipes to become wholly obstructed, broken and out of repair, and allowed large volumes of water, waste and filth to escape therefrom upon defendant's ceiling, and, together with the plaster of said ceiling, to fall into defendant's premises, and on his furniture and carpets; that in consequence thereof the premises were materially damaged, the atmosphere rendered damp, poisonous and dangerous to the health and comfort of the defendant and his family, and said premises became untenantable and unfit for occupancy; that this condition of affairs continued until the defendant was compelled to vacate the premises as hereinafter alleged; that on said November 11 defendant notified the plaintiff of these facts, and requested him at once to remedy the same, stating that otherwise he would be compelled to vacate the premises; that plaintiff failed and neglected to remedy the defects, whereupon the defendant, at his own expense, engaged the services of a plumber and plasterer to repair the pipes and ceiling, but the plaintiff refused to allow him to make such repairs, and continued to refuse to make them himself; that in consequence of these facts the defendant was compelled and did vacate the premises and surrender the same to plaintiff on November 16, tendering

to plaintiff rent for the occupation of the premises from November 10 to November 16, which plaintiff refused to accept, and which defendant brought into court to abide the judgment herein. In short, the defendant sought to bring himself within the provisions of G. S. 1894, § 5871, and to relieve himself from liability to pay rent for the full month on the ground that the premises had become untenantable and unfit for occupancy.

The contention of plaintiff's counsel is that, according to the allegations of the answer, the premises were in the same untenantable condition on and prior to November 10 that they were on and subsequent to November 11, and that the defendant, by entering upon another month's occupancy, and remaining in possession of the premises, must be deemed to have made his election to become a tenant for another month, under the doctrine of Roach v. Peterson, 47 Minn. 291, 50 N. W. 80, and Flint v. Sweeney, 49 Minn. 509, 52 N. W. 136.

If counsel's premises were correct, his conclusions would likewise be correct. But we do not think that he construes the allegations of the answer correctly. It does not appear from the answer that the premises were in the same condition on and prior to November 10 in which they were on and subsequent to November 11. There was occasional leakage from the defective pipes prior to November 10, which rendered the premises "dangerous to the health and comfort of the defendant and his family," but on November 11 and thereafter the pipes became wholly obstructed and broken, and allowed large volumes of water, waste and filth to escape and fall with the plaster into defendant's premises, and render them untenantable and unfit for occupancy. The fact that defendant elected to remain in the premises notwithstanding the lesser defects existing prior to November 10 would not amount to an election to continue a tenant notwithstanding greater defects existing on and after November 11, which rendered the premises untenantable and unfit for occupancy. The allegations of the answer make the facts of the case more analogous to those in Bass v. Rollins, 63 Minn. 226, 65 N. W. 348.

The trial court erred in holding that the facts alleged in the an-

swer amounted to an election to hold the premises for another month, and in ordering judgment on the pleadings.

Judgment reversed and a new trial granted.