EMMA M. REA v. JOHN ALGREN.[1]

May 22, 1908.

Nos. 15,641—(162).

**Landlord's Failure to Repair Premises.**

Where the failure of a landlord to make agreed repairs amounts to a constructive eviction, the tenant is justified in abandoning the premises, and his liability for rent will thereupon terminate. Bass v. Rollins, 63 Minn. 226, followed.

**Same—Tenant's Liability for Rent.**

Here the landlord failed to perform his agreement as to repairs to plumbing and a leaking roof. The tenant abandoned the premises. The landlord sued for subsequently accrued rent. The finding of the trial court that the landlord could not recover is sustained.

Action in the municipal court of Minneapolis to recover $60 for two months' rent. The case was tried before Charles L. Smith, J., who made findings and as conclusion of law ordered judgment in favor of defendant. From an order denying plaintiff's motion to amend the conclusions of law or for a new trial, plaintiff appealed. Affirmed.

*George T. Halbert* and *C. J. Bartleson,* for appellant.

*E. E. Witchie,* for respondent.

JAGGARD, J.

Plaintiff and appellant sued for two months' rent of premises which the defendant and respondent had abandoned. The lease was oral and from month to month. Defendant asserted, by way of answer, inter alia, that the premises had become untenantable because of a leaky roof and defective plumbing, both of which plaintiff had promised and failed to repair. The trial court found as facts, inter alia, that plaintiff agreed to make repairs, especially as to plumbing and fixing the roof; that "the plumbing in the bathroom was not in proper condition, in that when the bath tub was used the water would not pass through the outlet pipe, as the same was stopped up, and leaked out through the pipe into the kitchen below; that the roof needed re-

[1] Reported in 116 N. W. 580.

pairing, but the same was not done, in that the roof leaked considerably whenever it rained, and the water ran down through the attic roof into the apartments on the second floor. That the authorized agent of the plaintiff was notified of the condition of said roofing and bath tub, and requested the repairing of same, but neglected to so do." Judgment for defendant was ordered.

The principle that, where either party to a contract fails to perform a substantial part of his agreement, the other party is absolved from performance on his part, is of general, but not universal, application. Thus the breach of warranty does not justify rescission. Lynch v. Curfman, 65 Minn. 170, 68 N. W. 5. So it has been held that there is an implied condition that a tenant may quit if repairs by the landlord are not made as agreed. See, for example, Surplice v. Farnsworth, 7 M. & G. 576. The correct opinion, and the rule in this state, is, however, that, while the breach of the landlord's agreement to make repairs or improvements for the benefit of the tenant may not relieve the tenant in possession from liability to pay rent (Long v. Gieriet, 57 Minn. 278, 59 N. W. 194), none the less, where the failure to repair amounts to a constructive eviction, the tenant will be justified in leaving the premises, and his liability for rent will thereupon terminate (Bass v. Rollins, 63 Minn. 226, 65 N. W. 348; Minneapolis Co-operative Co. v. Williamson, 51 Minn. 53, 52 N. W. 986, 38 Am. St. 473). It has been said that constructive eviction results when the lessor renders the enjoyment of the premises impossible, or diminishes such enjoyment to a material degree. Tiedeman, Real Prop. § 153. The natural tendency of defective plumbing (Damkroger v. Pearson, 74 Minn. 77, 76 N. W. 960; Harthill v. Cooke's Ex'r., 43 S. W. 705, 19 Ky. Law, 1,524), or of a leaky roof (Brolaskey v. Loth, 5 Phila. [Pa.] 81), to result in a constructive eviction, must be recognized. The lessee was under no obligation "to have hired a carpenter with an armful of shingles and a handful of nails," or to have hired a plumber, and to have fixed the roof or the plumbing at a fixed charge.

The trial court found in effect that defendants were constructively evicted. The present situation would have been much clearer if such an express finding had been made. To have made such an express finding would have conformed to approved practice. The defect of the findings in this respect, and in respect to the time at which the agent was

notified of the condition of the roofing and of the bath tub and request-
ed to repair the same, and the circumstances in connection therewith,
was not made the subject of a motion before the trial court. It would
serve no useful purpose to grant a new trial in order that the court
might supply these deficiencies.

Affirmed.