GEORGE J. VIEHMAN v. WILLIAM BOELTER and Another.[1]

July 3, 1908.

Nos. 15,676—(175).

**Breach of Landlord's Covenant—Order of Argument.**

Action to recover rent upon a lease of a store building. The defendants answered that, by reason of the breach of plaintiff's covenant to keep the building dry, it became untenantable, and for that reason defendants were obliged to and did vacate it. Verdict for defendants. *Held*, following Rea v. Algren, 104 Minn. 316, 116 N. W. 580, that such breach con-

[1] Reported in 116 N. W. 1023.

stituted an eviction of the defendants and terminated their liability to pay rent thereafter, that the verdict is sustained by the evidence, and that the trial court did not err in permitting the defendants' attorney to close the argument to the jury.

Action in the district court for McLeod county to recover $550 for rent alleged to be due upon a lease of certain property. The case was tried before Morrison, J., and a jury which rendered a verdict in favor of defendants. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

*Jesse Van Valkenburg* and *George S. Grimes*, for appellant.

*C. G. Odquist* and *Sam G. Anderson, Jr.*, for respondents.

START, C. J.

On February 4, 1904, the plaintiff, the owner of a store building in the village of Hutchinson, made a written lease of it to the defendants for the term of five years for the stipulated rent of $50 a month, which the defendants promised to pay. They took possession of the premises under the lease, and continued therein, and paid the rent therefor to May 1, 1906, when they vacated the building and refused to pay rent any longer. The plaintiff brought this action in the district court of the county of McLeod to recover the amount of the stipulated rent accruing subsequent to May 1, 1906. The defense was to the effect that the plaintiff failed to keep and perform his covenant in the lease to keep the building dry, and neglected to keep the roof thereof in repair, and allowed it to become leaky to such an extent that the building became untenantable, and they were obliged to and did vacate it for that reason. The execution of the lease and the nonpayment of the rent claimed were admitted by the defendants. The jury found a verdict in their favor, and the plaintiff appealed from an order denying his motion for judgment notwithstanding the verdict or for a new trial.

1. The first contention of the plaintiff is that under the terms of the lease the defendants could not vacate the building upon the failure of the plaintiff to keep the building dry, for the reason that if, after notice to him so to do, he neglected to repair the roof so as to keep the building dry, their remedy was either to make the repairs

themselves and deduct the cost from the rent, or sue the plaintiff for damages sustained by his breach of the covenant. The basis of this claim is that the lease did not provide that it might be cancelled, or that the tenants' liability to pay rent should cease, if the landlord failed to keep the building dry, even though such failure caused the building to become untenantable. It is unnecessary to discuss this claim, for it has been determined recently, and adversely to the plaintiff, by this court in the case of Rea v. Algren, 104 Minn. 316, 116 N. W. 580, which holds that: "Constructive eviction results when the lessor renders the enjoyment of the premises impossible, or diminishes such enjoyment to a material degree."

2. It is further urged by plaintiff that it is necessary for the defendants to allege a surrender of the building because it was untenantable, in order to avoid liability for rent. Roach v. Peterson, 47 Minn. 291, 50 N. W. 80, is cited in support of the claim. Neither the proposition urged nor the case cited is here relevant, for the defendants neither pleaded nor relied upon a surrender of the building. On the contrary, their sole defense was a constructive eviction; that is, that they were obliged to remove therefrom by reason of the breach of the covenant to keep the building dry.

3. The next point made by the plaintiff is to the effect that the defendants retained the building for an unreasonable time after it became, as they claim, untenantable. This is the only serious question in the case, and the trial court clearly and correctly submitted it to the jury in these words: "Upon the premises becoming untenantable or unfit for occupancy, the tenant must make his election whether he will retain or abandon the leased premises. If he retained the premises for an unreasonable length of time after they became untenantable or unfit for occupancy, he waived his right to terminate the lease on that ground. Now, whether or not the defendants retained possession of that building for an unreasonable time after it was untenantable or unfit for occupancy is a matter for the consideration of this jury." The jury necessarily found by their verdict that the defendants did not retain possession of the building for an unreasonable time after it became untenantable, but the plaintiff insists that the finding is not supported by the evidence. Upon a consideration of the entire record, we hold that the evidence is sufficient to sustain the verdict.

4. The last contention is that the trial court erred in permitting the defendants' attorney to make the closing argument to the jury and refusing to allow the plaintiff's attorney so to do. Section 4171, R. L. 1905, provides: "The defendant shall open and the plaintiff close the argument to the jury: Provided, that if the defendant have the affirmative of the issue to be tried the foregoing order of trial shall be reversed." The admission by the defendants of the allegations of the complaint established prima fácie the plaintiff's cause of action, and the burden was on the defendants to establish their defense of constructive eviction or submit to a verdict against them. They had the laboring oar from start to finish, and the affirmative of the issue whether the building became untenantable by reason of a breach of the plaintiff's covenant, and whether the defendants vacated the building within a reasonable time thereafter. This was the only issue tried or submitted to the jury. While there is a technical distinction between the affirmative of the issue to be tried and the burden of proof, yet we are of the opinion that this case is within the spirit and purpose of the statute, and that it was not error for the court to permit the defendants' attorney to close the case to the jury. Paine v. Smith, 33 Minn. 495, 24 N. W. 305.

Order affirmed.