### HARRY GREENSTEIN v. W. C. CONRADI.[1]

December 12, 1924.

No. 24,271.

**Question for jury whether tenant waived his right.**

>   The plaintiff failed to heat a store building leased to the defendant in accordance with the terms of his covenant. Whether the defendant by remaining in possession for a time waived his right to treat the breach as a constructive eviction was a question of fact for the jury.

[1]Reported in 201 N. W. 602.

Action in the district court for Ramsey county to recover $629.20 and interest. The case was tried before Bechhoefer, J., who directed a verdict in favor of plaintiff for $646.45. From an order denying his motion for a new trial, defendant appealed. Reversed.

*Julian B. Brown* and *Edgerton, Dohs & Maxfield,* for appellant.
*E. C. Mattimore,* for respondent.

DIBELL, J.

Action to recover rent accruing after the abandonment of the leased premises by the lessee under a claim of constructive eviction. The court directed a verdict for the plaintiff. The defendant appeals from the order denying his motion for a new trial.

In June, 1921, plaintiff leased to the defendant for the term of 2 years from its completion a retail store building then in process of construction. It was completed in the latter part of October, 1921, and the defendant then took possession. The lessor covenanted to "furnish all the heat necessary for the above store."

The defendant claims that the heat was insufficient in December, 1922, and in January and February, 1923. On January 30, 1923, he paid the February rent and notified the plaintiff that he would leave on or before the last day of that month. He had rented another store building.

The evidence justifies a finding that the premises in December, 1922, and in January and February, 1923, were insufficiently heated. It justifies a finding that the heat was insufficient. The issue was for the jury. In directing a verdict the trial court rightly assumed, as we must assume on this appeal, that the insufficiency of heat was such as to justify the defendant in claiming a constructive eviction. The verdict for the plaintiff was directed upon the theory that the defendant had waived his right to claim an eviction.

The covenant to furnish heat was a continuing one. It was operative throughout the term. A lack of heat, so far as is apparent, could be remedied at once. The heating plant was in the premises of the plaintiff and he operated it. The defendant had some sort of business established. Moving meant expense and possible loss and involved the necessity of securing a suitable new location. He could tolerate for a while an uncomfortable condition, of which he complained and which could be remedied by his lessor, without being charged as a matter of law, with a waiver of his right to claim a constructive eviction.

It is true that on January 30, 1923, the defendant could not elect to treat the then existing failure to furnish heat as a constructive eviction effective at such definite time in the future as he chose to appoint. If in the month of February the plaintiff had furnished the heat promised by his covenant the situation would be different. Such a case is not here. Sufficient heat was not furnished in February. The condition was as bad as before or worse. At the end of the month the defendant had the right of abandonment unless he had waived it.

The case is distinguished from Roach v. Peterson, 47 Minn. 291, 50 N. W. 80, where the leased premises were destroyed by fire, and the lessee sought to evade payment of the rent without sur-

rendering. It was held that under the statute, now embodied in G. S. 1913, § 6810, he was put to an election and unless he surrendered he was a tenant and must pay. It differs from Flint v. Sweeney, 49 Minn. 509, 52 N. W. 136, where a tenant from month to month under a lease in which the lessor covenanted to make repairs, which he failed to make, removed after the commencement of a month and sought to avoid rent for the month upon the ground that the premises were untenantable. It was held that by continuing his possession beyond the current month he elected to remain another. In the case before us the defendant did no more than tolerate a breach of his lessor's covenant. The two cases cited are commented upon in Damkroger v. Pearson, 74 Minn. 77, 76 N. W. 960, a case not particularly important here. The case of Bass v. Rollins, 63 Minn. 226, 65 N. W. 348, is more nearly analogous, though not controlling. The Minnesota cases are cited in Dunnell, Minn. Dig. §§ 5424-5425.

We have examined the cases cited by counsel, and those cited by the trial court in its memorandum. Perhaps some of them sustain the verdict directed. But under the briefly detailed circumstances we are of the view that the question was for the jury whether on February 28, 1923, the defendant had waived his right otherwise existing to assert a constructive eviction.

Order reversed.