## LAWRENCE M. DELAMATER v. SARAH FOREMAN AND ANOTHER.[1]

November 13, 1931.

No. 28,536.

[1]Reported in 239 N. W. 148.

*Edward J. Falvey,* for appellants.
*Roland W. Quinn,* for respondent.

WILSON, C. J.

Defendants appealed from a judgment entered against them for $50.95.

The case involves landlord and tenant; vermin, viz. bedbugs; constructive eviction.

Plaintiff leased from defendants an apartment on the third floor of a modern multiple apartment building, the owner providing the usual caretaker in charge of the building.

The written lease was silent as to any provision as to who should be charged with the responsibility of waging any necessary war on vermin. The rule at common law was that the law did not impliedly impose any such duty upon the landlord. This rule still prevails as to the leasing of an unfurnished dwelling house. But such rule, like many of the rules of law, is not inflexible, but to some degree elastic, and must be construed to meet conditions unknown at common law. There is much in and about such an apartment building far beyond the control of a tenant in one of the apartments. He cannot interfere with the walls, partitions, floors, and ceilings wherein the verminous enemy may propagate; nor can he interfere with the cracks and openings affording an opportunity of access from such walls, partitions, floors, and ceilings into the apartment. If the attack is sufficiently serious and comes from this

source, it violates the landlord's implied covenant that the premises will be habitable. Smith v. Marrable, 11 M. & W. 5; Barnard Realty Co. v. Bonwit, 155 App. Div. 182, 139 N. Y. S. 1050; Streep v. Simpson, 80 Misc. 666, 141 N. Y. S. 863; Batterman v. Levenson, 102 Misc. 92, 168 N. Y. S. 197; 2 Underhill, Landlord & Tenant, § 682; 4 A. L. R. 1453, Anno.; 13 A. L. R. 818, Anno.

On the contrary, if the partitions, walls, ceilings, and floors are free from offense, which may consist of verminous habitation, noise, or smell, and they are tight and free from openings so as to provide no verminous entrance, and the apartment becomes infested by bedbugs or other vermin without fault of the landlord, he has no concern therewith and the responsibility for such presence is necessarily with the tenant. Jacobs v. Morand, 59 Misc. 200, 110 N. Y. S. 208.

It is not necessary to consider here the judicial blows directed at the case of Smith v. Marrable, 11 M. & W. 5. See 4 A. L. R. Anno. 1453, 1456. We think the rule as above stated, limited to such modern apartment building as herein involved, is sound and consistent with modern standards.

The evidence is that bedbugs came into the plaintiff's apartment in large numbers. Plaintiff and his wife used 20 gallons of gasolene trying to exterminate them. They did many other things in their vigilant efforts to rid the apartment of this pest. The evidence adequately shows the seriousness of the situation. It is not as satisfactory as we would like as to the source from which the vermin came. There is evidence however that defendants admitted such bugs were in a lower apartment, though not directly below plaintiff's apartment. The testimony is that the bedbugs came into plaintiff's apartment from cracks in the floor where the floor was loose and that these "cracks were just full of them." The presence of loose floors in a modern apartment does not speak well for the landlord. Such condition gives an opportunity for such trouble as the plaintiff experienced.

We are of the opinion that the evidence supports the finding of the jury that the vermin came from a source within the jurisdiction of the landlord under the rule stated.

The evidence is also sufficient to show that the presence of the bedbugs in such large numbers caused the greatest discomfort and distress to plaintiff and his family; and, since it was, under the findings of the jury, due to defendants' fault, it was sufficient in law to constitute a constructive eviction, and plaintiff was justified in vacating the premises as he did.

Affirmed.