## BUILDING ASSOCIATION OF DULUTH ODD FELLOWS v. JACK VAN NISPEN.[1]

October 19, 1945.

No. 34,097.

*Leslie S. High,* for appellant.
*L. H. Dow,* for respondent.

JULIUS J. OLSON, JUSTICE.

Action to recover rents claimed by plaintiff under an oral lease from month to month for the months of April to October 1944, inclusive, at $50 per month, amounting to $350. Damages were also

[1]Reported in 20 N. W. (2d) 90.

sought for $98.50 due to defendant's alleged "negligent use" of the leased premises. Two jury trials were had, the first resulting in a verdict for plaintiff for $40. A new trial was granted. At the second trial, plaintiff had a verdict of $50, "which represents the rent for month of April, 1944," but no allowance was made for damages for negligent use of the premises.

Plaintiff's alternative motion for judgment notwithstanding as to the alleged rental claim of $350 or for a new trial was disposed of as follows: The motion for judgment was denied; as to the alternative, i. e., that the verdict be set aside and a new trial had, the court granted the motion unless defendant should, within 20 days after the date of the order, pay plaintiff $150 with costs. The record does not disclose that defendant complied with this order. Plaintiff's appeal is—

"from the whole and every part of said order denying motion for judgment in favor of the plaintiff notwithstanding the verdict of the jury in said action."

And the only error assigned here is that—

"The trial Court erred in denying motion for judgment in favor of plaintiff notwithstanding the verdict on the issue of rent in the sum of $350.00 and interest from Octotber 1, 1944."

Defendant's answer admits that the premises were rented under an oral lease from month to month, with rental payments of $50 payable in advance on the first day of each month. He avers that he leased the premises for the purpose of conducting a bakery and catering business therein, and that until April 20, 1944, he continued that business. By way of defense, he alleged that prior to March 10, 1944, the premises had become badly infested with rats. He asserts that this condition became worse as time went on, in fact to such extent as to make the premises unfit for occupancy. Many times prior thereto, he had complained to plaintiff about the untenable condition caused by rats. The caretaker of the premises representing the plaintiff had tried many times and in many ways to correct the situation, but to no avail.

Plaintiff's reply admits that—

"defendant was conducting a bakery and catering business upon the premises involved in this action, and alleges that because of conditions created thereon by defendant, complaint was made by defendant to the custodian of plaintiff, about the presence of rats upon said premises; that because of the location of equipment of defendant upon said premises, as the custodian of plaintiff explained to defendant, the source of trouble could not be reached; * * * that difficulty from rats or other vermin on said premises was due solely to the negligence of defendant and that such difficulty, in no respect, rendered the premises untenable or unfit for occupancy."

The court submitted the fact issues thus made by the pleadings and evidence to the jury in a charge as to which neither party found objections, although the court at its conclusion asked counsel, "Gentlemen, are there any corrections or suggestions?"

■ The applicable principle of law in the fact situation here presented is that judgment notwithstanding should not be ordered unless it appears from the whole evidence that the cause of action or defense sought to be established does not, in point of substance, constitute a legal cause of action or legal defense. It is not sufficient to authorize such judgment that the evidence was such that the trial court, in its discretion, ought to have granted a new trial. If there is any evidence reasonably tending to support a good cause of action or defense, judgment should not be ordered. 3 Dunnell, Dig. & Supp. § 5082, and cases under notes 5, 6, and 7.

■ We have examined the record with care to ascertain whether the evidence reasonably tends to support defendant's claim of constructive eviction. There is abundant evidence from which the jury could find that in the fall of 1942 there was a constant parade of marauding rats; that this condition became aggravated during the following winter and still worse during the winter of 1943-1944. Defendant testified that he complained often and bitterly to plaintiff's custodian, who had offices in the same building; that, to-

gether, he and the custodian attempted to cover up holes in the plasterboard through which rats gained access to defendant's bakery; traps were repeatedly set, and many rats were caught, but the evil persisted; that no matter how much he patched the walls and set traps they continued to gnaw their way through in greater numbers. Defendant, and his wife and daughter, both of whom worked with him in the bakery, testified that the rats got into their flour sacks and other food supplies, necessitating their throwing out considerable quantities thereof; that the rats chewed up sacks and bags, rendering the contents entirely unusable; that, as a consequence, there was a considerable falling off of defendant's business occasioned by these marauders.

Disinterested witnesses on this subject include the testimony of a telephone repairman, who stated that about once a week during the winter of 1943-1944 he came to repair telephone wires which had been chewed off by rats; and we have, too, the testimony of a stenographer, who said she worked at a print shop in the basement of the same building and customarily stopped in defendant's lunchroom for coffee until the presence of rats finally frightened her away.

That the premises were badly infested with these marauding rodents is abundantly shown. That their presence constituted a nuisance to the occupying defendant we think also presented a jury issue. Sufficient for decision on the narrow ground presented on this appeal is that the record abundantly sustains the jury's conclusion that the rat evil amounted to a constructive eviction and that defendant had not waived his right to assert that defense.

The following cases are deemed helpful: Delamater v. Foreman, 184 Minn. 428, 239 N. W. 148; Damkroger v. Pearson, 74 Minn. 77, 76 N. W. 960; Rea v. Algren, 104 Minn. 316, 317, 116 N. W. 580, 124 A. S. R. 627; Viehman v. Boelter, 105 Minn. 60, 62, 116 N. W. 1023, 1024. In the two cases last cited, we held that—

"constructive eviction results when the lessor renders the enjoyment of the premises impossible, or diminishes such enjoyment to a material degree."

Order affirmed.