## COLONIAL COURT APARTMENTS, INC. v. IRENE A. KERN.

163 N. W. (2d) 770.

December 20, 1968—No. 41151.

*John E. Daubney,* for appellant.
*Albert O. Palm,* for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Frank T. Gallagher, JJ.

PER CURIAM.

This is an appeal from an order of the municipal court denying plaintiff's alternative motion for judgment notwithstanding the findings or for a new trial in an action for rent. The trial court found for defendant, holding that there had been a constructive eviction. Plaintiff contends that the findings are not supported by the record.

From the record it appears that plaintiff, Colonial Court Apartments, Inc., rented an apartment to defendant, Irene Kern, for a 1-year term to begin January 1, 1966. The apartment immediately above was occupied by a young couple. When Mrs. Kern leased from plaintiff, she expressed her desire for a quiet apartment and was assured that the building was well insulated and not noisy. It is agreed that the building was well constructed and well maintained. However, almost from the start of her occupancy, Mrs. Kern complained that some young neighbors interfered with her enjoyment of the apartment, alleging that they gave noisy parties twice a week, ran water early in the morning, operated a dishwasher at late hours, subjected her to insulting and abusive language, and disturbed her sleep to

the point where she had to go elsewhere for rest. After she had lodged several complaints, the landlord terminated the young couple's lease, effective February 28, 1966. However, due to the pregnancy of the wife, it was agreed that they could remain in the apartment until the baby was born on condition that there would be no further disturbances and with the understanding that they would vacate as soon as possible thereafter. This agreement was explained to defendant. There were no further disturbances until shortly after the baby was born, at which time the objectionable conduct was resumed. On May 12, 1966, the landlord received a letter from the young couple expressing their intention to vacate by June 1, 1966. In response, the landlord wrote informing them that they were responsible for rent to June 30, 1966, because they had not given the full 30-day statutory notice, and went on to explain that "your notice and the first possibility to vacate, according to law, will be June 30th." They were advised that if the landlord could rerent the apartment sooner he would do so. On Memorial Day of 1966, in response to Mrs. Kern's complaint about another loud party the night before, the landlord told her that the neighbors would be out by June 1. On June 16, the young couple still being in possession, defendant vacated the apartment, feeling that she could no longer endure the continued disturbances and annoyances. The trial court found:

"That the noise emanating from the Lindgren apartment so disturbed and interfered with Defendant's rest, that she found it necessary to drive to her parents' home in Eau Claire, Wisconsin, on the average of twice a month, on week ends, to get a good night's sleep on the Friday nights of said week ends.

"That Plaintiff took no further action with respect to removing the source of Defendant's disturbance by requiring performance by Lindgrens of their agreement to vacate as soon as possible following the said birth of their child until, on May 12, 1966, Plaintiff was advised by the said Lindgrens that they intended to vacate their apartment effective June 1, 1966. Whereupon, on May 16, 1966, Plaintiff, through its authorized agent, notified the said Lindgrens that their notice of intention to vacate was insufficient and that their first possibility of vacating according to law would be June 30, 1966."

A constructive eviction is said to occur when the beneficial enjoyment of an apartment by the lessee is so interfered with by the landlord as to justify an abandonment. It does not suppose an actual ouster or dispossession by the landlord. Santrizos v. Public Drug Co. 143 Minn. 222, 173 N. W. 563. Ordinarily, the rule is that the acts of one tenant do not constitute a constructive eviction of another tenant of the same landlord unless they

materially disturb the latter tenant in the use, occupancy, and enjoyment of the demised premises or the natural consequence thereof is to injure the other tenant. 52 C. J. S., Landlord and Tenant, § 448b; City Power Co. v. Fergus Falls Water Co. 55 Minn. 172, 56 N. W. 685.

The facts relating to the objectionable conditions of the premises are materially less serious than those referred to in other Minnesota decisions, where the enjoyment of the demised premises was made impossible or diminished to a material degree by circumstances involving defective and unhygienic conditions. Bldg. Assn. of Duluth Odd Fellows v. Van Nispen, 220 Minn. 504, 20 N. W. (2d) 90; Delamater v. Foreman, 184 Minn. 428, 239 N. W. 148; Damkroger v. Pearson, 74 Minn. 77, 76 N. W. 960; Rea v. Algren, 104 Minn. 316, 116 N. W. 580; Viehman v. Boelter, 105 Minn. 60, 116 N. W. 1023.

In fairness it should be said that the trial court could well have found that the landlord took such reasonable measures as were warranted under the circumstances to correct the conditions of which defendant complained. He might also have found that the landlord's letter to the tenants that their "first possibility to vacate, according to law, will be June 30," referred to liability for rent rather than a requirement to remain in possession. Nevertheless, we are not warranted in making an exception to our well-established rule that in reviewing the record the testimony must be considered in the light most favorable to the prevailing party, and if support for the findings may be found in the evidence as a whole, such findings will not be disturbed. The findings of fact by the trial court and the jury stand on equal footing and are entitled to the same weight and will not be reversed on appeal unless they are manifestly and palpably contrary to the evidence. 1B Dunnell, Dig. (3 ed.) § 415b. In Santrizos v. Public Drug Co. 143 Minn. 222, 223, 173 N. W. 563, 564, we said:

"The definition of what constitutes constructive eviction does not get us far. Usually the question whether there is a constructive eviction is one of fact with each case largely dependent upon its particular circumstances."

Although the evidence bearing on the issue of constructive eviction leaves something to be desired, we are constrained, nevertheless, to hold that there is sufficient evidence in the record to substantiate the trial court's determination.

Affirmed.